**Larry TREASTER, et ux., Appellants,**

v.

**Steve BETTS, et al., Respondents.**

**No. WD 69794.**

Missouri Court of Appeals,
Western District.

Sept. 29, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 24, 2009.

Patrick Berrigan, for Appellant.

R. Todd Ehlert, for Respondent.

Before THOMAS H. NEWTON, C.J.,
JAMES EDWARD WELSH, and
KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

Larry Treaster, and his wife, Sheryl Treaster, appeal the circuit court's judgment dismissing their petition for damages seeking compensatory and punitive damages due to injuries sustained by Larry Treaster and loss of consortium by Sheryl Treaster. In their petition, the Treasters alleged that Larry Treaster was an employee of Mo–Kan Transit Concrete, Inc., and that he was injured by the negligent acts of the manager/owner of Mo–Kan Transit Concrete, Steve Betts; the manager/supervisor of Mo–Kan Transit Concrete, Alan Jenson; and unknown persons or entities, who the Treasters identified as "John and/or Jane Doe(s)." Betts and Jenson filed a motion to dismiss, asserting that the circuit court lacked subject matter jurisdiction over the Treasters' claims because the exclusive remedy was through Missouri's Workers' Compensation Law. The circuit court sustained Betts's and Jenson's motion and entered a judgment dismissing the Treasters' petition. The Treasters appeal. We dismiss the appeal for a lack of a final judgment.

Before addressing the reason for dismissing this appeal, we feel compelled to address the deficiencies of the Treasters' brief in regard to the points relied on. This court struck the Treasters' first brief, finding that their two points relied on failed to comply with Rule 84.04(d). The Treasters' second attempt at writing their points relied on in their amended brief

fares no better. Each of their points relied on span three pages, and both points are virtually incomprehensible.

Rule 84.04(d) says:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

The Treasters' points relied on do not "state concisely the legal reasons for [their] claim of reversible error" and they do not "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C). The purpose of the points relied on is " 'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Crawford Cty. Concerned Citizens v. Mo. Dep't of Natural Resources*, 51 S.W.3d 904, 908 (Mo.App.2001) (citation omitted). The Treasters' points relied on fail miserably at fulfilling this purpose.

As this court's Southern District stated in *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App.1998) (citations omitted):

Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

■ Because, however, the circuit court dismissed this case for lack of subject matter jurisdiction, Rule 84.13(a) gives us the authority to address questions of subject matter jurisdiction, in spite of the inadequacies of the Treasters' points relied on. Rule 84.13(a) says:

*Apart from questions of jurisdiction of the trial court over the subject matter and questions as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim, allegations of error not briefed or not properly briefed shall not be considered in any civil appeal.*[1]

We need not, however, address the merits of the Treasters' appeal, because the judgment is not final in this case.

■ " 'A prerequisite to appellate review is that there be a final judgment.' " *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted). In the absence of a final judgment, this court does not acquire jurisdiction to review the Treasters' claims. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000). A judgment is final when it disposes of all the issues with regard to all of the parties in the case and leaves nothing for future

1. We added the emphasis.

determination. *Id.* The only exception to this general rule is found in Rule 74.01(b), which says:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[2]

For the circuit court to certify for appeal a judgment resolving fewer than all the parties under Rule 74.01(b), the judgment must expressly designate that there is "no just reason for delay." *Garrett v. Finnell,* 999 S.W.2d 304, 305 (Mo.App.1999). In the absence of such an express designation, the judgment is not final, and we must dismiss the appeal. *Id.* at 305–06.

The Treasters' petition listed three parties as defendants: Steve Betts, Alan Jenson, and "John and/or Jane Doe(s)." Betts and Jenson filed a motion to dismiss, which the circuit court granted. The motion to dismiss, however, did not mention "John and/or Jane Doe(s)" or indicate in anyway that "John and/or Jane Doe(s)" joined in

Betts's and Jenson's motion to dismiss.[3] The circuit court's judgment merely acknowledged that the "Defendants are entitled to relief under their MOTION and that it should be Granted." The only defendants before the circuit court in the motion to dismiss were Betts and Jenson.

Because the circuit court made no final disposition as to "John and/or Jane Doe(s)," the judgment did not dispose of all claims or rights and liabilities of all parties. The circuit court also did not make an express finding that "there is no just reason for delay." The judgment, therefore, is not final for the purposes of appeal. *KAS Enterprises, Inc. v. City of St. Louis,* 121 S.W.3d 262, 263 (Mo.App. 2003). We, therefore, dismiss the Treasters' appeal.

All concur.

---

**2.** We added the emphasis.

**3.** Even though "John and/or Jane Doe(s)" had not been served, the "[f]ailure to have served process on [certain defendants] by any given time, without any action or disposition as to such defendants by the trial court, would not

eliminate them as parties to this action at this time. A party to an action is a person whose name is designated on the record as plaintiff or defendant." *Garrett,* 999 S.W.2d at 305 (citation and internal quotation marks omitted).