

*In the*

*Missouri Court of Appeals*

*Western District*

KWANG H. KIM,

          **Respondent,**

v.

WON IL KIM,

          **Appellant.**

**WD76414**

**OPINION FILED:**

**April 15, 2014**

---

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Kevin D. Harrell, Judge

**Before Division Four: James Edward Welsh, C.J., Joseph M. Ellis, and Thomas H. Newton, JJ.**

Won Il Kim appeals from the circuit court's dismissal with prejudice of his *pro se* "motion" for malicious prosecution. Because of the woeful inadequacies of Won Kim's brief, which prevent us from determining what his complaint is, we dismiss Won Kim's appeal.

Won Kim appears *pro se* in this appeal. We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo. App. 2000). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. 1999). This is especially true when, as is the situation in this case, "we cannot competently rule on the merits of [Won Kim's] argument without first

reconstructing the facts . . . and then refining and supplementing his points and legal argument." *In re Marriage of Shumpert*, 144 S.W.3d 317, 321 (Mo. App. 2004). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo. App. 2004).

Won Kim's brief flagrantly and repeatedly violates Rule 84.04's requirements concerning the contents of briefs. "The failure to substantially comply with Rule 84.04 preserves nothing for review." *Anderson v. Am. Family Mut. Ins. Co.*, 173 S.W.3d 356, 357 (Mo. App. 2005).

Won Kim's statement of facts does not comply with Rule 84.04(c). This rule requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Won Kim's statement of facts does not provide a fair and concise statement of the facts necessary to resolve the issues that he purportedly attempts to raise in his appeal.[1] An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. *Mo. Highway and Transp. Comm'n v. Taylor*, 839 S.W.2d 676, 678 (Mo. App. 1992).

Won Kim's point relied on violates Rule 84.04(d)(1)'s requirement that the point "identify the trial court ruling or action that the appellant challenges; . . . . state concisely the legal reasons for the appellant's claim of reversible error; and . . . explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." His point relied states that the circuit court erred in denying his "motion" for malicious prosecution and in

---

[1]Kwang Kim filed a motion to strike the legal file provided by Won Kim. Won Kim did not include the circuit court's docket sheet as required by Rule 81.12(a); did not provide a transcript as required by Rule 81.12(a), and did not provide a legal file certified by the clerk of the circuit court, as provided by Rule 81.15(a), or certified by both parties, as provided by Rule 81.15(c). We, therefore, grant Kwang Kim's motion to strike the legal file in this appeal. Without a transcript and a legal file, nothing exists for this court to review.

granting Kwang Kim attorney fees because the judgment was not supported by competent and substantial evidence on the whole record. In explaining in summary fashion why, in the context of the case, his legal reason supports his claim of reversible error, Won Kim's point relied on states:

> [T]here was substantial proof in frauds and malices from those in force at the time the appellant's Decree of Dissolution with the tentative rulings of the Court on the 26th day of August, 1991. And a Cross-Examination in Court appearance before a Judge Petitioner Mrs. Kwang Hyea Kim testified that Mrs. Kim gave Respondent Dennis J. Campbell Owens $3,550.00 then Respondent Mr. Owens gave Appellant Won Il Kim at hearing on August 21, 2013 at 2:00 P.M. in Division 18, in the Circuit Court of Jackson County, Missouri at Kansas City, Missouri. It was substantial proof in fraud from Respondent Mr. Dennis J. Campbell Owen's "Stipulation to Modification of Decree" on 27th day of February, 1993.[2]

Won Kim's point relied on is incoherent. His point is so inadequate that we would have to essentially guess what his point is and would have to sift through the case record trying to find support for the perceived point. We would, in effect, be assuming the role of appellant's advocate, which is an inappropriate role for an appellate court. *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 563 (Mo. App. 2001). "'A point relied on written contrary to the mandatory requirements of Rule 84.04(d) . . . preserves nothing for appellate review.'" *Foster v. Village of Brownington*, 140 S.W.3d 603, 608 (Mo. App. 2004) (citation omitted).

Moreover, pursuant to Rule 84.04(e), the brief must also contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo. App. 1999). Won Kim's argument section is woefully inadequate and completely incoherent. It also cites no precedent or other authority. When an appellant fails to cite relevant law and explain how it

---

[2]Citations to the legal file and appendix that appeared in the point relied on were omitted.

applies to the applicable facts, we deem the point abandoned. *Cooper v. Bluff City Mobile Home Sales, Inc.*, 78 S.W.3d 157, 164 (Mo. App. 2002). His argument is so inadequate that we can only speculate as to what Won Kim's claim is. We deem points not developed in the argument section to be abandoned. *Lack v. Payne*, 151 S.W.3d 862, 867 (Mo. App. 2004).

Given Won Kim's failure to comply with Rule 84.04, we dismiss his appeal.[3] We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because Won Kim's brief is so flagrantly deficient that we are not able to conduct a review of his case without becoming an advocate for him.

/s/JAMES EDWARD WELSH
James Edward Welsh, Chief Judge

All concur.

---

[3]In response to Won Kim's appeal, Kwang Kim asks that we sanction Won Kim pursuant to Rule 84.19 for filing a frivolous appeal. We decline to exercise our discretion to award sanctions and deny Kwang Kim's request.