

# In the
# Missouri Court of Appeals
# Western District

MICHAEL SUMMERS,

               Appellant,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS,

               Respondent.

WD77721

OPINION FILED:

May 5, 2015

Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel Richard Green, Judge

Before Division One:
James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.

Michael Summers appeals the circuit court's granting summary judgment in favor of the Missouri Department of Corrections on his petition for declaratory judgment. Because of substantial deficiencies in Summers's appellate brief, we dismiss his appeal.

Summers appears *pro se* in this appeal. We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules. *Kim v. Kim*, 431 S.W.3d 524, 525 (Mo. App. 2014). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Id.*

On December 3, 2014, this court ordered that the first brief that Summers filed be struck for the reason that the points relied on were not in compliance with the specific requirements of Rule 84.04(d). We ordered that Summers file an amended brief correcting the violation of Rule 84.04. Summers filed an amended brief on January 5, 2015, but his points relied on remained essentially unchanged.[1] His point one was identical in both briefs, and his second point in the amended brief was identical to the second point in the struck brief except that he deleted this additional language: "Thus the trial court error in it's ruling violating the Appellant rights envested by the Missouri Constitution Article 1 Sections 2&10 and United States Constitution of the 14th Amendment of the Equal Protection and Due Process Clause."[2] Summers made no effort to correct his inadequate points relied on in his amended brief, even though he was put on notice that the points were inadequate. It is improper for this court "'to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances.'" *Hankins v. Reliance Auto., Inc.*, 312 S.W.3d 491, 494 (Mo. App. 2010) (citation omitted).

In addition to the inadequate points relied on, Summers's amended brief lacked a table of cases in violation of Rule 84.04(a)(1); lacked page references in the statement of facts to the record on appeal in violation of Rule 84.04(c); lacked a list of cases upon which he relied following each point relied on in violation of Rule 84.04(d)(5); and lacked a concise statement of the applicable standard of review for each claim of error in violation of Rule 84.04(e).

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not

---

[1]Summer did re-title his points from "Issues" to "Points."

[2]We recognize that there are grammatical and spelling errors in Summers's point but do not indicate "[sic]" for each error.

been made." *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo. App. 2004). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.'" *Wong v. Wong*, 391 S.W.3d 917, 918 (Mo. App. 2013) (citation omitted). "'Violations of the rules of appellate procedure are grounds for dismissal of an appeal.'" *Parnes v. Centertainment, Inc.*, 14 S.W.3d 145, 147 (Mo. App. 2000).

Given Summers's failure to comply with Rule 84.04, we dismiss his appeal. We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because Summers's brief is woefully deficient and because Summers disregarded this court's invitation to amend his deficient points relied on.


/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge


All concur.


3