

# In the
# Missouri Court of Appeals
# Western District

ELLEN L. NICOL,

               **Respondent,**

v.

DAVID L. NICOL,

               **Appellant.**

**WD78437**

**OPINION FILED:**

**March 22, 2016**

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Patrick William Campbell, Judge

### Before Division Three:
### Joseph M. Ellis, Sr. J. Presiding[1], Thomas H. Newton, and James Edward Welsh, JJ.

David Nicol ("Husband") appeals the circuit court's judgment in Ellen Nicol's ("Wife's") cause of action for dissolution of the parties' marriage. Husband raises eight points on appeal. Because of the woeful inadequacies of Husband's brief, which prevent us from properly assessing his complaints, we dismiss the appeal.

### Discussion

Husband appears *pro se* in this appeal. "We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding

---

[1] Judge Ellis retired as an active member of the court on March 1, 2016, after oral argument in this case. He has been assigned by the Chief Justice to participate in this decision as a Senior Judge.

compliance with those rules." *Kim v. Kim*, 431 S.W.3d 524, 525 (Mo. App. 2014). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Summers v. Mo. Dep't of Corr.*, 459 S.W.3d 922, 923 (Mo. App. 2015). An appellant's failure to substantially comply with Rule 84.04 "preserves nothing for our review" and is "grounds for dismissing the appeal." *Id*. That is especially true in this case, where "we cannot competently rule on the merits of [Husband's] argument without first reconstructing the facts . . . and then refining and supplementing his points and legal argument." *See Kim*, 431 S.W.3d at 525.

On September 18, 2015, this Court issued an Order striking Husband's initial brief for failing to comply with Rule 84.04's briefing requirements with the following explanation:

> (1) the Statement of Facts lacks specific page references to the legal file or transcript, in violation of Rule 84.04(c); (2) the Points Relied On are not in compliance with the specific requirements of Rule 84.04(d); and (3) the argument does not include a concise statement of the applicable standard of review for each claim of error, in violation of Rule 84.04(e).

Husband thereafter filed an amended brief, but his amended brief still fails to comply with Rule 84.04's requirements concerning the contents of briefs.

### *Deficient Statement of Facts*

Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Husband's initial brief contained thirty pages of facts but lacked page references to the record on appeal, as required by Rule 84.04(c). In his amended brief, Husband includes page references, but he has reduced his statement of facts to two pages. In so doing, Husband has eliminated the vast majority of the very facts that would help us assess his appeal.

2

"'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.'" *Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 41 (Mo. App. 2008) (citation omitted). Here, the few "facts" that Husband does include consist of random, disjointed statements with no elaboration connecting them to other facts.[2] As a result, his statement of facts is wholly inadequate and utterly baffling.

In addition, the majority of Husband's "facts" seem to be aimed primarily at portraying Wife in a negative light. Thus, Husband fails to provide a "fair and concise" statement of the facts necessary to resolve the issues that he purportedly attempts to raise in his appeal. Rule 84.04(c). This failure, in itself, is a sufficient basis to dismiss the appeal. *See Kim*, 431 S.W.3d at 525.

### Deficient Points Relied On

As noted, Husband was informed that his initial points relied on failed to comply with Rule 84.04(d). Rule 84.04(d)(1) requires each point relied on to: "(A) identify the trial court ruling or action that the appellant challenges"; "(B) state concisely the legal reasons for the appellant's claim of reversible error"; and "(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

Despite being informed of deficiencies in his initial points relied on, Husband's "amended" points are virtually identical to the original ones, and he added two more points that

---

[2]Husband states, for example:

1. [Wife] grew up in a house surrounded by post-traumatic stress disorder because her father was a prisoner of war [during World War II].
. . . .
7. [Wife] planned to have a catering business on the bottom floor of the [marital residence].
8. The children were not present during the "Flower Pot Episode."
. . . .
14. Court-ordered expert Michael Ragan identified in [Husband] a "capacity for depth of feeling."
. . . .

3

*also* fail to comply with Rule 84.04(d). Husband's "amended" points do not "state concisely the legal reasons for [his] claim of reversible error," nor do they "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C).[3]

The purpose of the points relied on is "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Treaster v. Betts*, 297 S.W.3d 94, 95 (Mo. App. 2009). These points fail to fulfill this

---

[3]Husband's "amended" points relied on state:

I. The court erred in failing to credit [Husband] two thousand dollars in the child support arrears because the funds which were paid to [Wife] were a refund for something that had been purchased with non-marital funds.

II. The court erred in denying [Husband]'s post-trial motion to modify because [Wife] admitted all his allegations contained therein in that this case could have stopped then.

III. The court erred in failing to modify the judgement to recognize the January 27, 2003 date of the beginning of the marriage because the date was alleged and admitted in post-trial responsive pleadings in that without the earlier date, the earlier marriage survives, preventing either party from remarrying in a common-law jurisdiction without either getting another divorce specifically from the earlier marriage or committing bigamy, and preventing either party from claiming the spousal social security benefit option should they so wish.

IV. The court erred in approving the GAL's secret invoices because RSMo 490.525.3(3) requires itemized statements of service and charge.

V. The court erred in failing to sua sponte issue 55.03(d) sanctions on [Wife's attorney] because in his overzealous representation of his client he continued to amplify and repeat her confused falsehoods even after being warned by the court in that this abusive and false improperly extended what could have been handled with mediation and counseling into a litigation now in its fourth year.

VI. The court erred in ordering Supervised Visitation because there was insufficient evidence to warrant Supervised Visitation in that "allegations" in RSMo 452.400 means pending criminal or at least quasi-criminal charges filed with the Juvenile Officer.

VII. The court erred in appointing a GAL, because [Wife] had filed a case management statement stating "none at this time" as answer to "state any issues which may require appointment of a GAL" in that appointing a GAL immensely delayed the proceedings.

VIII. The court erred in failing to dismiss [the GAL] for good cause shown, because the court was supposed to replace her by RSMo 452.453.4 [sic] in that [Husband] showed good cause to dismiss her in Motion in Legal File p. 123.

4

purpose. They are so inadequate that we would have to essentially guess what the point is and then sift through the case record trying to find support for the perceived point. *See Kim*, 431 S.W.3d at 526. "We would, in effect, be assuming the role of appellant's advocate, which is an inappropriate role for an appellate court." *Id*. As this Court has explained:

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Treaster*, 297 S.W.3d at 95 (citations omitted).

A point relied on that does not comply with the mandatory requirements of Rule 84.04(d) preserves nothing for our review and is grounds to dismiss. *Summers*, 459 S.W.3d at 923; *Kim*, 431 S.W.3d at 526. This is particularly true here, where Husband made no effort to correct the deficient points in his amended brief, even after being put on notice that they were inadequate.

### *Other Briefing Deficiencies*

In striking Husband's initial brief, this Court noted that he failed to "include a concise statement of the applicable standard of review for each claim of error," as required by Rule 84.04(e). In his amended brief, Husband simply added either "*de novo*" or "abuse of discretion" to his points. A brief must contain reference to the "appropriate" standard of review. *See Moreland*, 273 S.W.3d at 41. Husband fails to set forth the appropriate and applicable standard of review for a bench-tried case. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Husband's amended brief also lacks a table of cases, as required by Rule 84.04(a)(1), and, in all but one instance, it lacks a list of cases, statutes, or other authority upon which he relied

5

following the points relied on, as required by Rule 84.04(d)(5). Most egregiously, it lacks a proper argument, contrary to Rule 84.04(e).

Rule 84.04(e) requires a brief to contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Kim*, 431 S.W.3d at 526. Husband's arguments are woefully deficient and generally nonsensical. They lack citation to relevant legal authority, fail to compare the facts of the case to any relevant principles of law, lack any pertinent legal analysis, and are comprised mainly of unsupported conclusions. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Frazier v. City of Kansas City*, 467 S.W.3d 327, 346 (Mo. App. 2015). "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Id*.

This Court will generally, as a matter of discretion, review on the merits where disposition is not hampered by rule violations; we generally will do so, however, only "where the argument is readily understandable." *Moreland*, 273 S.W.3d at 41. This is not such a case. Here, Husband's arguments are so deficient that we are unable to conduct a proper review of his case. Moreover, as an intermediate appellate court charged with the duty to enforce the Supreme Court Rules, we do not believe it is our place to continually excuse compliance with the procedural rules written by the Missouri Supreme Court.

## Conclusion

Given Husband's failure to comply with Rule 84.04 and his disregard of this Court's invitation to amend his deficient points relied on, we are compelled to dismiss the appeal.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.

6