James Edward Welsh, Presiding Judge
Marjorie Frazier appeals the circuit court's judgment in favor of her former landlord, Terry Wallace, in his action against her for rent and possession, in which the court awarded Wallace $1,807 in rent, late fees, attorney's fees, and costs. Due to substantial deficiencies in Frazier's appellate brief which prevent us from determining what her actual claims of trial court error are, we dismiss her appeal.
Discussion
Frazier appears pro se in this appeal. We hold pro se appellants to the same procedural rules as attorneys; we do not grant them preferential treatment regarding compliance with those rules. Kim v. Kim, 431 S.W.3d 524, 525 (Mo. App. 2014). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." Summers v. Mo. Dep't of Corr. , 459 S.W.3d 922, 923 (Mo. App. 2015). An appellant's failure to substantially comply with Rule 84.04 "preserves nothing for our review" and constitutes grounds for dismissal of the appeal. Id. This is particularly true where, as here, "we cannot competently rule on the merits of [the appellant's] argument without first reconstructing the facts ... and then refining and supplementing [her] points and legal argument." Kim, 431 S.W.3d at 525.
This Court struck Frazier's initial brief for numerous violations of Rule 84.04. Frazier was given fifteen days to file an amended brief to correct those violations. Her amended brief still fails to adequately comply with Rule 84.04's requirements for the contents of briefs.
Frazier's "Statement of Facts" lacks specific page references to the legal file or transcript in violation of Rule 84.04(c). In addition, Rule 84.04(c) requires the appellant to provide "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Frazier does not provide a fair and concise statement of the facts necessary to resolve the claims that she purportedly attempts to raise in her appeal. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." Nicol v. Nicol , 491 S.W.3d 266, 268 (Mo. App. 2016). Frazier fails to fulfill this purpose. Her "facts" are aimed primarily at restating her version of events and arguing, based on her version *627 of events, that the trial court erred in ruling against her. Thus, Frazier fails to provide a "fair and concise" statement of the facts necessary to resolve the issues "without argument," as required by Rule 84.04(c). This failure, in itself, is a sufficient basis to dismiss the appeal. See Kim, 431 S.W.3d at 525.
Frazier's "Points Relied On" also fail to comply with Rule 84.04.[1] Rule 84.04(d)(1) requires that each point: "(A) Identify the trial court ruling or action that the appellant challenges"; "(B) State concisely the legal reasons for the appellant's claim of reversible error"; and "(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1) instructs that:
The point shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action ], because [state the legal reasons for the claim of reversible error ], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error ]."
"Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). Here, Frazier's points do not "state concisely the legal reasons for [her] claim of reversible error," nor do they "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C).
The purpose of the points relied on is "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." Treaster v. Betts, 297 S.W.3d 94, 95 (Mo. App. 2009). As this Court has explained:
Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, *628 and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.
Id. Frazier's points are so inadequate that we would have to essentially guess what the point is and then sift through the record to find support for the perceived point. See Kim, 431 S.W.3d at 526. "We would, in effect, be assuming the role of appellant's advocate, which is an inappropriate role for [this] court." Id. It is improper for us "to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." Summers , 459 S.W.3d at 923. Points that do not comply with the dictates of Rule 84.04(d) preserve nothing for our review and constitute grounds to dismiss. Nicol , 491 S.W.3d at 270.
The "Argument Section" of Frazier's brief also is deficient. Pursuant to Rule 84.04(e), the brief must contain an argument section that discusses the point relied on. Points that are not developed in the argument are deemed to be abandoned. Kim , 431 S.W.3d at 526. To develop a point relied on, the "argument should show how the principles of law and the facts of the case interact." Id. Here, not only does Frazier fail to include specific page references to the record, as required by Rule 84.04(e), but, more egregiously, the substance of her argument is wholly inadequate as well. Frazier submits four one-paragraph "arguments" (one for each point) which consist of abstract statements of the law and unsupported conclusions. They do not compare the facts of the case to any relevant principles of law and lack any pertinent legal analysis. See Nicol , 491 S.W.3d at 271. Her "arguments" are so inadequate that we can only speculate as to what her claim actually is. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." Id. When an appellant fails to support contentions with relevant law and analysis beyond conclusory statements, we deem the point abandoned. See Kim , 431 S.W.3d at 526.
Other briefing deficiencies include the lack of a "concise statement describing whether the error was preserved for appellate review" and a statement of "the applicable standard of review." Rule 84.04(e); see Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976) (setting forth the applicable standard of review for a bench-tried case).[2] Also, following her purported "arguments," Frazier curiously sets forth a four-page reiteration of her statement of facts and her arguments at trial. This comports with none of the briefing instructions set forth in Rule 84.04.
Conclusion
Given Frazier's repeated failure to comply with Rule 84.04, we are reluctantly compelled to dismiss her appeal. Generally, as a matter of discretion, we will review on the merits where disposition is not hampered by rule violations, but we will do so only if the argument is readily understandable. This is not such a case. Frazier's brief is so deficient that we cannot conduct a thorough review of her case without becoming an advocate for her. We, therefore, dismiss.
All concur.

Frazier's "Points Relied On" state:
Point #1 : The trial court erred in judgment regarding finding in favor of [Wallace] based on the rental due date being the first of the month, because the trial court's judgment was not supported by the evidence, in that [Wallace] failed to adhere to his duties as a landlord and the terms of the initial rental agreement, which consequently established a "tenancy-at-will" regarding rental payment method, rental payment amount, and rental due date that supplanted the original lease agreement.
Point #2 : Additionally, the trial court erred in additional findings of facts and conclusion of law in that it omitted certain laws and statutes that support [Frazier's] defense of being displaced by fire and protected by law in case of accidental fire.
Point #3 : Furthermore, the trial court erred in judgment regarding the credibility of various witnesses in that it called [Frazier's] submission of the fire report "hearsay" which consumed unnecessary time and steered the trial and line of questioning erroneously in favor of [Wallace]. Trial court also erroneously dismissed the fact that [Frazier's] witnesses (and notarized statement) gave no cause for lack of trustworthiness or credibility; while [Wallace] contradicted himself throughout his testimony.
Point #4 : Trial court erred in finding in favor of [Wallace] and against [Frazier's] counterclaim, in that [Wallace] provided an unsafe and uninhabitable property with latent defects that jeopardized the lives of [Frazier] and family. Furthermore, [Frazier] acted properly as a tenant and had never received any derogatory actions from [Wallace] during the course of her tenancy, but had to vacate hastily (within hours) due to the electrical fire caused by [Wallace's] negligence, resulting in extreme physical and emotional hardships for [Frazier] and minor children.

"The trial court's judgment is presumed correct, and [the appellant has] the burden of proving it erroneous" by establishing that it is against the weight of the evidence, not supported by substantial evidence, or in violation of the law, pursuant to Murphy, 536 S.W.2d at 32. See Barnett v. Rogers , 400 S.W.3d 38, 41 (Mo. App. 2013).