

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **CARLA K. HINER,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | **WD81993** |
| **v.** | ) | |
| | ) | **OPINION FILED:** |
| | ) | **April 30, 2019** |
| **JOHN W. HINER,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Clay County, Missouri
The Honorable David P. Chamberlain, Judge**

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Alok Ahuja and Cynthia L. Martin, Judges

John Hiner (Father), who appears *pro se*, appeals from the trial court's judgment and decree dissolving his marriage to Carla Hiner (Mother), approving Mother's proposed custody arrangement and parenting plan for the couple's two minor children, and awarding child support, maintenance, and attorneys' fees to Mother. Father raises four points on appeal. He maintains that the trial court erred in: (1) awarding custody pursuant to Mother's parenting plan without considering his plan; (2) calculating child support; (3) dividing the marital assets and awarding maintenance and attorneys' fees to Mother; and (4) failing to consider Father's motion for a new

trial. Because of significant deficiencies in Father's appellate brief, which prevent us from conducting a meaningful review of his claims, we dismiss his appeal.

**Analysis**

Rule 84.04[1] sets forth the required contents of a brief on appeal.[2] "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018) (quoting *Summers v. Mo. Dep't of Corr.*, 459 S.W.3d 922, 923 (Mo. App. W.D. 2015)). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review' and constitutes grounds for dismissal of the appeal." *Id.* (quoting *Summers*, 459 S.W.3d at 923). This is especially true where, as here, "we cannot competently rule on the merits of [Father's] argument without first reconstructing the facts . . . and then refining and supplementing [his] points and legal argument." *Id.* (quoting *Kim v. Kim*, 431 S.W.3d 524, 525 (Mo. App. W.D. 2014)).

We struck Father's initial appellate brief for numerous violations of Rule 84.04, and we gave Father fifteen days to file an amended brief correcting those violations. Yet his amended brief also fails to substantially comply with Rule 84.04.

First, Father's statement of facts is deficient. Rule 84.04(c) requires the statement of facts to be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Id.* (quoting *Nicol v. Nicol*, 491 S.W.3d 266, 268 (Mo. App. W.D. 2016)). Additionally, "[a]ll statements of facts shall

---

[1] All Rule references are to the Missouri Supreme Court Rules (2018), unless otherwise noted.

[2] Although Father appears *pro se*, he "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Kim v. Won II Kim*, 443 S.W.3d 29, 30 (Mo. App. W.D. 2014) (quoting *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 604 (Mo. App. W.D. 2008)).

have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits. . . . If the portion cited is contained in the appendix, a page reference to the appendix shall also be included." Rule 84.04(c).

Most of Father's factual statements are taken verbatim from the trial court's judgment and decree in Mother's favor and, thus, do not present the facts relevant to the issues Father purportedly attempts to raise on appeal.[3] Moreover, although Father's amended brief refers to specific pages of the judgment and decree, to the extent those references are accurate, they are not to relevant portions of the record for purposes of the issues Father attempts to raise, leaving Mother and this court to "first reconstruct[] the facts," if any, that would support his claims. *Wallace*, 546 S.W.3d at 626 (quoting *Kim*, 431 S.W.3d at 525). Thus, Father's statement of facts does not comply with Rule 84.04(c).

Second, Father's points relied on are deficient. Where, as here, an appellate court is asked to review the decision of a trial court, "each point shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). "The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" *Id.*

---

[3] For example, in his statement of facts, Father states, "It is in the best interest of the minor [son] that [Mother] be awarded sole legal custody of the minor child and that [Father] share joint physical custody. It is the best interest of the minor [daughter] that [Mother] and [Father] share joint legal and physical custody." Yet, in his first point on appeal, Father challenges this same custody arrangement, claiming that it is not in the children's best interests.

Father's points do not conform to Rule 84.04(d).[4] Although each point identifies the trial court ruling challenged, each point fails to cite legal reasons supporting Father's claims of reversible error. In addition, the points are not substantially in the form required by Rule 84.04(d)(1). "The purpose of the points relied on is 'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Wallace*, 546 S.W.3d at 627 (quoting *Treaster v. Betts*, 297 S.W.3d 94, 95 (Mo. App. W.D. 2009)). As this court has explained:

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Id.* at 627-28 (quoting *Treaster*, 297 S.W.3d at 95).

Because Father did not articulate the legal reasons for the alleged errors or explain how those legal reasons support his claims, he failed to give Mother notice of the "precise matters which must be contended with and to inform the court of the issues presented for review." *Id.* (quoting *Treaster*, 297 S.W.3d at 95). Thus, to address Father's alleged errors we would have to search the

---

[4] Father's four points relied on are:

Point I: The trial court erred in awarding custody pursuant to Mother's parenting plan because the court failed to consider Father's proposed parent[ing] plan that was made in the best interest of the children.

Point II: The trial court erred in the child support provisions of the judgment because support was based off [sic] of incorrect information.

Point III: The trial court erred in entering judgment providing [Mother] maintenance and lawyer fees and division of marital assets even though [Mother] has historically earned more than [Father]. Valuation of [Father's] assets were grossly overstated.

Point IV: The trial court erred in failing to consider [Father's] motion for a new trial in light of circumstances that prevented [him] from appearing at trial.

argument section of his brief and the record to "refin[e] and supplement[] [his] points." *Id.* at 626 (quoting *Kim*, 431 S.W.3d at 525). "It is improper for us 'to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances.'" *Id.* at 628 (quoting *Summers*, 459 S.W.3d at 923). And doing so would create "the danger that [we] will interpret [Father's] contention[s] differently than [he] intended or [Mother] understood." *Id.* (quoting *Treaster*, 297 S.W.3d at 95). Thus, Father's points relied on do not comply with Rule 84.04(d).

Third, the argument portion of Father's brief contains several deficiencies. Under Rule 84.04(e), a brief must include an argument section that discusses the points relied on. "Points that are not developed in the argument are deemed to be abandoned." *Id.* "To develop a point relied on, the 'argument should show how the principles of law and the facts of the case interact.'" *Id.* (quoting *Kim*, 431 S.W.3d at 526). To the extent we can decipher Father's argument, it contains mostly argumentative allegations and conclusory statements. Although Father cites a few cases involving custody, disposition of marital property, and maintenance, he does not compare the facts or apply the legal principles of those cases to the present case. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Id.* (quoting *Nicol*, 491 S.W.3d at 271).

Specifically, with respect to Point I (custody), Father claims that the trial court neglected to make the findings required by § 452.375.6.[5] He then proceeds to make unsupported factual assertions that he claims should have led the court to approve a different, yet unspecified, custody arrangement.[6] Moreover, Father's first point relied on faults the trial court for failing to consider

---

[5] All statutory citations are to the Revised Statutes of Missouri, as updated through the 2017 Supplement.

[6] Contrary to Father's assertion, the trial court made written findings on each of the child-custody factors listed in § 452.375.2(1)-(8), as required by § 452.375.6. Rule 78.07(c) requires "allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, [to] be raised in a motion to amend the judgment in order to be preserved for appellate review." Father did not file a motion to amend the judgment.

5

his parenting plan, yet he did not submit a parenting plan to the trial court, and he does not indicate how his plan would differ from the one presented by Mother and approved by the trial court. As for Point II, Father's argument consists of one paragraph containing an unsupported conclusion that the trial court relied on inaccurate information in determining child support and demanding a new trial as a result of the alleged error. And Father's arguments relative to Point III (maintenance, marital assets, and attorneys' fees)[7] and Point IV (motion for new trial)[8] consist of more unsupported factual assertions. Thus, Father's argument fails to meet the requirements of Rule 84.04(e).

Other briefing deficiencies include the lack of a "concise statement describing whether the error[s] w[ere] preserved for appellate review; if so, how [they] w[ere] preserved; and the applicable standard of review."[9] Rule 84.04(e). Finally, Father does not provide citations to the record on appeal for the factual assertions he makes in his argument, in violation of Rule 84.04(e).

"Occasionally, where an appellant's argument is readily understandable, non-compliant briefs are reviewed *ex gratia.*" *Kim v. Kim*, 443 S.W.3d 29, 31 (Mo. App. W.D. 2014). We decline to conduct such review here because Father's claims are not readily understandable. "While the preference is to decide an appeal on the merits, where[, as here,] a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached." *Id.* (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 423 (Mo. App. W.D. 2013)). "To address the merits of this appeal, this court would have to become an advocate for [Father] by searching the record for the relevant facts of the case,

---

[7] Father did not present any evidence to the trial court regarding marital assets and debts or his income or living expenses.

[8] Father did not file a motion for new trial with the trial court.

[9] While Father does not provide the applicable standard of review for Point IV of his argument, he correctly identifies the standard of review for Points I-III: we will affirm the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

speculating about the possible claims of error, and crafting a legal argument on [his] behalf." *Id.* (quoting *Lattimer*, 412 S.W.3d at 423). "This we cannot do." *Id.* (quoting *Lattimer*, 412 S.W.3d at 423).

## Conclusion

We dismiss Father's appeal for failure to comply with Rule 84.04.

Karen King Mitchell, Chief Judge

Alok Ahuja and Cynthia L. Martin, Judges, concur.