

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| LINDA A. HOLDING, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD82064 |
| | ) | |
| KANSAS CITY AREA | ) | FILED: August 27, 2019 |
| TRANSPORTATION | ) | |
| AUTHORITY, | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable Kevin D. Harrell, Judge**

**Before Division One: Cynthia L. Martin, P.J., and**
**Victor C. Howard and Alok Ahuja, JJ.**

Linda Holding sued the Kansas City Area Transportation Authority

("KCATA") in the Circuit Court of Jackson County. She alleged that on three

separate occasions when she was traveling as a passenger on KCATA buses, she

suffered injuries as a result of the negligence of the bus drivers. The case was tried,

and a jury returned a verdict for KCATA. The circuit court entered judgment

accordingly. Holding appeals. Because of the significant deficiencies in Holding's

briefing, and her failure to provide an adequate record, we dismiss Holding's appeal.

## Analysis

The requirements for appellate briefing are set forth in Rule 84.04.

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure

that appellate courts do not become advocates by speculating on facts and on

arguments that have not been made." *Hiner v. Hiner*, 573 S.W.3d 732, 734 (Mo.

App. W.D. 2019) (citation and internal quotation marks omitted). "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Id.* (citation and internal quotation marks omitted). Even though Holding appears *pro se*, she "is subject to the same procedural rules as parties represented by counsel, including rules specifying the required contents of appellate briefs." *Hoover v. Hoover*, No. WD81697, 2019 WL 1904915, at \*1 (Mo. App. W.D. April 30, 2019) (citation and internal quotation marks omitted).

Holding's brief fails to comply with Rule 84.04 in multiple significant respects. First, her statement of facts does not comply with Rule 84.04(c). "Rule 84.04(c) requires appellants to include 'a fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Interest of D.A.B.*, 570 S.W.3d 606, 613 (Mo. App. E.D. 2019) (citation omitted). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Hiner*, 573 S.W.3d at 735 (citation and internal quotation marks omitted). Additionally, "all statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." *Id.* (citation and internal quotation marks omitted).

Holding's eight-page statement of facts is not a fair and concise statement of the facts relevant to the questions presented. Instead, it is one-sided and argumentative, and the majority of Holding's factual assertions are not supported by citations to the record. Upon review of the few record citations which <u>do</u> appear in Holding's factual statement, they do not support the factual assertions to which they are attached. Moreover, Holding's factual statement does not clearly explain the procedural history of the case; indeed, from her factual statement, it is unclear whether the circuit court ruled against her on summary judgment, or following a

2

jury trial. "It is not the role of an appellate court to serve as an advocate for a litigant, and 'we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. That is the duty of the parties, not the function of an appellate court.'" *Midtown Home Improvements, Inc. v. Taylor*, No. ED106721, 2019 WL 1029609, at *2 (Mo. App. E.D. March 5, 2019) (citation omitted).

Second, Holding's Point Relied On is deficient.

> Where, as here, an appellate court is asked to review the decision of a trial court, "each point shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). "The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'"

*Hiner*, 573 S.W.3d at 735 (citation omitted; alterations and emphasis in original).

Holding's Point Relied On fails to comply with Rule 84.04(d).[1] Besides the fact that Holding's Point Relied On contains at least four distinct claims of error, and is thus multifarious, it is not substantially in the form required by Rule 84.04(d)(1). The point does not "[s]tate concisely the legal reasons for the . . . claim of reversible error" or "[e]xplain . . . why, in the context of the case, those legal reasons support the claim or reversible error." Rule 84.04(d)(1). The deficiencies in

---

[1] Holding's point relied on contends that:

THE CIRCUIT COURT ERRED LACKING ALL INFORMATION OF THE PLAINTIFF'S CASE INVOLVING ALL THE FACTS PLAINTIFF STATES IN INTERROGATORIES AND DEPOSITION. THE CIRCUIT COURT ERRED IN PRESENTING PLAINTIFF'S CERTAIN EVIDENCE TO CIRCUIT COURT AND JURY. AND THAT THE CIRCUIT COURT DID NOT LET THE PLAINTIFF PRESENT IMPORTANT EVIDENCE FACTS, CONCERNING THE CLAIM FORM FOR INJURY OF LOSS. AND DEFENDANT AND CIRCUIT COURT DID NOT CONSIDER THE "SUDDEN ONSET" DOCTRINE OR CAUSAL CONNECTION.

3

Holding's Point Relied On are compounded by the fact that she included at least eight different, additional claims of error in the Point Relied On reproduced in her brief's Table of Contents, and in the Standard of Review section of her brief. During oral argument, Holding identified additional alleged errors beyond those mentioned in her brief.

"The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Hiner*, 573 S.W.3d at 735–36 (citation and internal quotation marks omitted).

> Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Callahan v. Precythe*, No. WD81964, 2019 WL 2504155, at *2 (Mo. App. W.D. June 18, 2019) (citation omitted). Because it is unclear from Holding's Point Relied On what rulings of the circuit court she intends to challenge on appeal, and on what basis she contends those rulings were erroneous, her Point Relied On is plainly deficient.

Finally, Holding's argument fails to comply with Rule 84.04(e). "Under Rule 84.04(e), a brief must include an argument section that discusses the points relied on." *Hiner*, 573 S.W.3d at 736 (citation omitted). "To develop a point relied on, the argument should show how the principles of law and the facts of the case interact." *Id.* (citation and internal quotation marks omitted). Holding's brief does not contain a section labeled "Argument." Instead, her brief ends following the section labeled "Standard of Review." Besides the failure to contain a section identified as the "Argument," Holding's brief fails to develop any argument explaining how relevant legal principles interact with the facts of this case to establish that the circuit court

4

committed prejudicial error. "Points that are not developed in the argument are deemed to be abandoned." *Id.* (citation and internal quotation marks omitted). Holding's brief also fails to explain how any claimed error was preserved for appellate review.[2] Thus, Holding's argument fails to meet the requirements of Rule 84.04(e).

As we have repeatedly stated, "we prefer to resolve appeals on their merits." *Bartsch v. BMC Farms, LLC*, 573 S.W.3d 737, 742 (Mo. App. W.D. 2019). "Occasionally, where an appellant's argument is readily understandable, non-compliant briefs are reviewed *ex gratia*." *Hiner*, 573 S.W.3d at 737 (citation and internal quotation marks omitted). "We do so, however, only where the argument is readily understandable." *Hoover*, 2019 WL 1904915, at \*2 (citation and internal quotation marks omitted). This is not one such case. From Holding's brief, it is unclear whether she is challenging the admission of evidence, the exclusion of evidence, the circuit court's assessment of the submissibility of her claims, or the circuit court's failure to submit her case under particular legal theories (such as *res ipsa loquitur* or the "sudden onset doctrine"). "To determine whether [Holding] is entitled to relief, we would have to comb the record for support for [her] factual assertions, decipher [her] point on appeal, and locate legal authority for [her] argument." *Id.* (citation and internal quotation marks omitted). "In other words, we would have to act as [Holding]'s advocate, which we cannot do." *Id.* (citation omitted).

---

[2] Holding's brief suggests that she preserved her appellant arguments because "Plaintiff opposed the motions for summary judgment which are the subject of this appeal." Br. at 1. Our review of the circuit court's docket indicates that KCATA never moved for summary judgment, however. In her Reply Brief, Holding concedes that neither party moved for summary judgment, but instead argues that she preserved her arguments in opposing KCATA's motion for a directed verdict. Reply Br. at 1. The KCATA's motion for a directed verdict was *denied*, however, and the case was submitted to the jury. Holding does not explain how the arguments she made in opposition to the KCATA's *unsuccessful* directed verdict motion preserve the claims she now seeks to raise on appeal.

5

Finally, even if we were inclined to overlook the deficiencies in Holding's briefing, we would be unable to review the merits of her arguments because she has failed to provide a transcript of the jury trial which resulted in the adverse judgment. Given this omission, we would not be able to decide Holding's claims, even if they were otherwise properly presented. *See, e.g., State v. Hinton*, 561 S.W.3d 433, 434 (Mo. App. W.D. 2018); *Main v. Fariss*, 561 S.W.3d 104, 106-07 (Mo. App. S.D. 2018); *Indep. Taxi Drivers Assoc., LLC v. Metro. Taxicab Comm'n*, 524 S.W.3d 157, 160-61 (Mo. App. E.D. 2017).

**Conclusion**

The appeal is dismissed.

_____
Alok Ahuja, Judge

All concur.

6