

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| EQUITY TRUST COMPANY, | ) | |
| Respondent, | ) | WD83240 |
| | ) | Consoldiated with WD83246 |
| v. | ) | |
| | ) | |
| KEITH GIVHAN, et al, | ) | FILED: July 28, 2020 |
| Appellants. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE KENNETH R. GARRETT, III, JUDGE

### BEFORE DIVISION THREE: GARY D. WITT, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND THOMAS N. CHAPMAN, JUDGES

Keith Givhan appeals from two judgments awarding compensatory damages for slander of title in favor of Equity Trust Company FBO Joseph Koram IRA ("Equity"), quieting title to the property at issue in favor of Equity, and finding in favor of Equity on Givhan's counterclaims for unjust enrichment and adverse possession. Because of Givhan's failure to file the transcript and the significant deficiencies in his brief, we must dismiss the appeal.

Givhan appears *pro se*. We struck his initial brief for violations of Rule 84.04. He filed an amended brief that was substantially similar to the stricken brief. Equity subsequently filed a motion to dismiss Givhan's appeal based upon his failure to file the transcript and the deficiencies in his amended brief. We took Equity's motion with the case.

Rule 81.12(a) provides that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented." "An appellant is required to file a transcript and legal file 'so that the record contains all the evidence necessary to determine the questions presented to this court to decide.'" *State ex rel. Bacchus v. Armstrong*, 106 S.W.3d 605, 607 (Mo. App. 2003) (citation omitted). "Without a transcript, we lack the necessary information to rule with any degree of confidence in the fairness, reasonableness and accuracy of our final conclusion." *Dale v. Dir., Mo. Dep't of Soc. Servs., Family Support & Children's Div.*, 285 S.W.3d 770, 772 (Mo. App. 2009) (citation omitted). "Failure to comply with this rule is grounds for dismissal." *Bishop v. Heartland Chevrolet, Inc.*, 152 S.W.3d 893, 897 (Mo. App. 2005).

Givhan's five points on appeal all appear to assert that the circuit court committed several plain errors in conducting the underlying trial. Without a transcript, however, we cannot determine whether there is any basis in fact to support his contention that such errors occurred; whether the errors were waived by his conduct or statements; whether he invited the errors; and whether the errors resulted in manifest injustice or a miscarriage of justice, which is required for plain error review under Rule 84.13(c). Accordingly, Givhan's failure to file the transcript necessitates that we dismiss his appeal.

Furthermore, the significant deficiencies in his brief also require dismissal of his appeal. Rule 84.04 sets forth the requirements for appellate briefing. "[C]ompliance with these requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been

made." *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. 2013) (quotation marks and citations omitted). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.'" *Wong v. Wong*, 391 S.W.3d 917, 918 (Mo. App. 2013) (citation omitted). Although Givhan appears *pro se*, he "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Lattimer*, 412 S.W.3d at 422 (quotation marks and citations omitted).

First, Givhan's points violate Rule 84.04(d). Although Givhan identifies the circuit court's action that he is challenging in each point, he fails to state the legal reasons supporting his claims of reversible error. Instead, he simply states that the court's actions are erroneous "based upon" "the Code of Judicial Conduct," "Missouri Supreme Court Rules," and/or "the U.S. Constitution." Because Givhan does not articulate the legal reasons for the alleged errors or explain how those legal reasons support his claims, he has failed to give Equity notice of the "precise matters which must be contended with and to inform the court of the issues presented for review." *Hiner v. Hiner*, 573 S.W.3d 732, 736 (Mo. App. 2019) (citation omitted).

Second, the argument portion of Givhan's brief violates Rule 84.04(e)'s requirement that the argument discuss the points relied on. "An argument must explain why, in the context of the case, the law supports the claim of reversible error." *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. 2009). The argument "should show how principles of law and the facts of the case interact." *Id*. (citation omitted). Givhan's argument consists of conclusory statements and unsupported allegations. He does not discuss any of the legal authorities he cites or explain how

3

those authorities support his claims of error, let alone reversible error.  "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review."  *Hiner*, 573 S.W.3d at 736 (citation omitted).  The argument section of Givhan's brief is "so defective as to require us and opposing counsel to hypothesize about [his] argument and precedential support for that argument[.]"  *Nichols v. Div. of Emp't Sec.*, 399 S.W.3d 901, 904 (Mo. App. 2013) (citation omitted).  These deficiencies in Givhan's brief, along with his failure to file the transcript, prevent us from reaching the merits of his appeal.  Consequently, we grant Equity's motion to dismiss.

     The appeal is dismissed.

                _____

                LISA WHITE HARDWICK, JUDGE

ALL CONCUR.