

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

MAE E. LESLIE,                           )
                                         )
                    Appellant,           )
                                         )
vs.                                      )        WD81623
                                         )
                                         )        Opinion filed:  April 2, 2019
EDWARD WHITE,                            )
                                         )
                    Respondent.          )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JAMES F. KANATZAR, JUDGE**

Before Division One:  Cynthia L. Martin, Presiding Judge,
Victor C. Howard, Judge and Thomas H. Newton, Judge

Mae Leslie appeals the judgment of the Jackson County Circuit Court in favor of Edward White.  Leslie had requested a trial de novo after not prevailing in a small claims action.  Due to substantial deficiencies in Leslie's appellate brief, which prevent us from determining what her actual claims of trial error are, we dismiss her appeal.

A review of the transcript in this case indicates that Leslie sued White alleging he defrauded her.  They were the only two witnesses at trial.  Leslie had a carport filled with items.  She maintained that she hired White to have a garage sale for her, sell the items, and give her the profits.  White maintained that Leslie was in trouble with the city for having all the items in her

carport in her yard and that she paid him to take all of the items to the dump. The trial court found in favor of White.

Leslie is a *pro se* appellant.[1] "We hold *pro se* appellants to the same procedural rules as attorneys; we do not grant them preferential treatment regarding compliance with those rules." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id*. (internal quotation omitted). "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Id*. (internal quotation omitted). "This is particularly true where, as here, we cannot competently rule on the merits of [the appellant's] argument without first reconstructing the facts ... and then refining and supplementing [her] points and legal argument." *Id*. (internal quotation omitted).

Leslie's first brief was struck for failure to comply with Rule 84.04, and she was given an opportunity to file an amended brief. Leslie's amended brief also fails to comply with Rule 84.04. The brief does not contain a table of contents, a statement pertaining to jurisdiction, a statement of facts, points relied on, an argument, or a conclusion. See Rule 84.04(a)-(e). Leslie's brief appears to be citations to various lines in the transcript with her notes written beside them. Her brief does not convey what the action below was about or how the trial court allegedly erred. This court only understood the nature of the action below from reading the transcript.

While we understand that the trial court did not rule the way Leslie wanted, we have no idea what Leslie thinks it did wrong. Her brief includes the following statements:

Mr. White said his wife; A lie; It was his mother.

He came on to me an elderly lady. I did not come on to him.

[1] Respondent White did not file a brief with this court.

> He took more and more = Raytown City Hall does not know him; They all know me.
>
> Our American Justice system is in my opinion … the saddest in the world.  Because it is supposed to be the best.  Our laws are based on the Bible.  Why have to give our address?  They are in the file.

Further, Leslie does not cite any legal authorities in her brief.  Nor does she state what remedy she is looking for from this court.

"The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case."  *Wallace*, 546 S.W.3d at 626 (internal quotation omitted).  "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review."  *Id*. at 627.  "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made."  *Id*. (internal quotation omitted).  "Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood."  *Id*. at 627-28 (internal quotation omitted).  Moreover, "[m]ere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review."  *Id*. at 628 (internal quotation omitted).

Leslie has failed to comply with Rule 84.04, and we are reluctantly compelled to dismiss her appeal.  "Generally, as a matter of discretion, we will review on the merits where disposition is not hampered by rule violations, but we will do so only if the argument is readily

understandable." *Id*. We cannot understand Leslie's argument in this case. Her appeal is dismissed.

_____

VICTOR C. HOWARD, JUDGE

All concur.