In the
 Missouri Court of Appeals
 Western District

 
 AARON M. MALIN, 
  WD83774
 Appellant,  OPINION FILED:
 v. 
  July 27, 2021
 COLE COUNTY PROSECUTING 
 ATTORNEY, 
 
 Respondent. 
 

 Appeal from the Circuit Court of Cole County, Missouri
 The Honorable Patricia S. Joyce, Judge

 Before Division One:
 Anthony Rex Gabbert, P.J., Edward R. Ardini, Jr., and Thomas N. Chapman, JJ.

 Aaron Malin (“Malin”) appeals a judgment of the Circuit Court of Cole County denying

his Motion for Civil Contempt, which requested that the Cole County Prosecuting Attorney (the

“Prosecutor”) be found in contempt for failing to comply with an earlier judgment that required

the Prosecutor to search for and produce records responsive to records requests made by Malin.

He raises four points on appeal. Points one and two fail to comply with the requirements of Rule

84.04(d), preserve nothing for review, and are denied. Malin’s third point has not been

preserved and is denied. Malin’s fourth point is also denied. The judgment is affirmed.
 Background

 In 2015, Malin made three separate records requests to the Prosecutor. The Prosecutor

responded (sometimes untimely) with general objections; indicated that the requests were too

burdensome; and declined to confirm or deny the existence of the requested records. Malin filed

a petition in the circuit court alleging that the Prosecutor had committed Sunshine Law

violations. On May 26, 2017, Malin moved for summary judgment, which the trial court

granted. The trial court’s judgment (“Malin I Judgment”) decreed:

 1. Defendant knowingly and purposely violated the Sunshine Law.

 2. Defendant must search for and produce all open records responsive to Plaintiff’s
 requests, which includes the following:

 a) any correspondence or communication between the Office of the
 Prosecuting Attorney of Cole County (or its associates/employees) and the
 MUSTANG drug task force (or its associates/employees);

 b) any indictments handed down in Cole County between July 1, 2014 and
 the present, limited to indictments for selling narcotics in public housing;
 and

 c) any Sunshine Law (or open records) requests received by the Cole
 County Prosecutor’s Office, as well as any responses provided, between
 January 1, 2015 and the present.

 3. Defendant is ordered to pay a $12,100 civil penalty to Plaintiff.

 4. Defendant is further ordered to pay Plaintiff’s costs and reasonable attorneys’
 fees in the amount of $24,070.00. This judgment is final for purposes of appeal.

 The Prosecutor appealed, and our court affirmed the Malin I Judgment. Malin v. Cole

Cnty. Pros. Att’y, 565 S.W.3d 748 (Mo. App. W.D. 2019). In conjunction with the appeal, Malin

moved for attorney fees and his motion was taken with the case. Our court granted the motion

and remanded the issue to the trial court to determine the reasonableness of Malin’s attorney’s

fees on appeal and enter an appropriate award.

 2
 After remand, the parties began discussions related to the production of records and the

payment of monetary fees and penalties with respect to the Malin I Judgment. In March of 2019,

the Prosecutor paid the monetary part of the judgment and directed personnel to begin to search

for records responsive to Malin’s requests. The Prosecutor produced a number of records to

Malin.

 Dissatisfied with the Prosecutor’s efforts with respect to the production of documents,

Malin filed a Motion for Civil Contempt on June 12, 2019, which sought to enforce the Malin I

Judgment. After Malin filed his Motion for Civil Contempt, the Prosecutor provided a number

of other documents to Malin on June 28, 2019. At that time, the Prosecutor indicated to Malin

that additional documents might be discovered through a forensic review of the office’s IT

systems, and offered to discuss the cost to Malin for undertaking such a search.1

 On June 30, 2019, the Prosecutor filed a response to Malin’s Motion for Civil Contempt,

and included in that response was a “Motion for Entry of Satisfaction of Judgment” that

requested that the court “enter satisfaction of judgment or [sic] record for the Court’s judgment

on civil penalties and attorney’s fees.” On July 1, 2019, Malin filed a “Partial Satisfaction of

Judgment,” in which Malin acknowledged that the Prosecutor had paid in full the civil penalties

and the attorney’s fees that had accrued at the time our court issued its opinion affirming the trial

court’s Malin I Judgment. The “Partial Satisfaction of Judgment” also acknowledged that the

Prosecutor had fulfilled the requirements of the Malin I Judgment with respect to his second and

third records requests, but contended that the Prosecutor had yet to fulfill the part of the order

that required the Prosecutor to “search for and produce all open records” responsive to his first

1
 Malin was not charged for the records previously produced by the Prosecutor.

 3
request, which included “any correspondence or communication between the Office of the

Prosecuting Attorney of Cole County (or its associates/employees) and the MUSTANG drug task

force (or its associates/employees)[.]”

 On October 18, 2019, a hearing was held on Malin’s Motion for Civil Contempt. On

December 18, 2019, the trial court entered a handwritten order that stated: “Court finds that

Defendant is not in Contempt. Counsel for defendant is to prepare a proposed order.” On

January 2, 2020, the trial court issued the judgment which is the subject of this appeal, entitled

“Final Judgment and Order Denying Plaintiff’s Motion for Civil Contempt” (“Malin II

Judgment” or “Malin II Judgment Denying Motion for Contempt”). In denying Malin’s Motion

for Civil Contempt, the trial court concluded that Malin had failed to meet his burden of proof to

show that the Prosecutor failed to abide by the court’s prior order; and found that the Prosecutor

had acted in “good faith” in searching for the requested records and in paying the monetary

judgment. As an additional ground for denying the motion, the trial court found that the

Prosecutor had met his burden of showing that he did not act in intentional contempt for the

Court or its orders.

 Malin appeals.

 Standard of Review

 “As in any court tried matter, in a civil contempt proceeding, ‘[t]his court will affirm the

judgment unless there is no substantial evidence to support the decision, the decision is against

the weight of the evidence, or the decision erroneously declares or applies the law.’” Ream-

Nelson v. Nelson, 333 S.W.3d 22, 28 (Mo. App. W.D. 2010) (quoting Walters v. Walters, 181

S.W.3d 135, 138 (Mo. App. W.D. 2005)).

 4
 Analysis

 At the outset, we note that Malin’s briefing makes clear that he is not appealing the trial

court’s denial of his Motion for Civil Contempt, and that none of his points challenge the denial

of his Motion for Civil Contempt. Malin instead attempts to challenge (in his first two points on

appeal) the trial court’s purported entry of a “New Judgment” that, Malin argues, erroneously

amended the Malin I Judgment. In his third point, Malin challenges a specific finding of the trial

court without challenging the judgment it supports, and without having preserved any argument

regarding the form of the judgment. In his fourth point, Malin argues that the trial court erred in

failing to award his attorney’s fees incurred in prosecuting the motion for contempt (which was

denied and which denial is not challenged on appeal). For ease of analysis, we address these

points out of order, addressing point two first, then point one, and concluding with points three

and four.

 Point Two

 Malin’s second point states:

 The trial court erred in entering the New Judgment because its ruling erroneously
 applied Rule 74.11(c) in that a party asking a court to deem a judgment satisfied
 must bear the burden of proving that the judgment has, in fact, been satisfied.

 Malin’s second point fails to comply with the briefing requirements of Rule 84.04(d) and

preserves nothing for review. See Wallace v. Frazier, 546 S.W.3d 624, 628 (Mo. App. W.D.

2018).

 Rule 84.04(d) governs briefing requirements with respect to points relied on, and

provides:

 (1) Where the appellate court reviews the decision of a trial court, each point shall:

 (A) Identify the trial court ruling or action that the appellant challenges;

 5
 (B) State concisely the legal reasons for the appellant’s claim of reversible error;
 and

 (C) Explain in summary fashion why, in the context of the case, those legal reasons
 support the claim of reversible error.

 The point shall be in substantially the following form: “The trial court erred in
 [identify the challenged ruling or action], because [state the legal reasons for the
 claim of reversible error], in that [explain why the legal reasons in the context of
 the case, support the claim of reversible error].”

 “The purpose of the points relied on is ‘to give notice to the opposing party of the precise

matters which must be contended with and to inform the court of the issues presented for

review.’” Hiner v. Hiner, 573 S.W.3d 732, 735-36 (Mo. App. W.D. 2019) (quoting Wallace,

546 S.W.3d at 627). As stated in Hiner:

 Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure
 that appellate courts do not become advocates by speculating on facts and on
 arguments that have not been made. Deficient points relied on force the appellate
 court to search the argument portion of the brief or the record itself to determine
 and clarify the appellant’s assertions, thereby wasting judicial resources, and, worse
 yet, creating the danger that the appellate court will interpret the appellant’s
 contention differently than the appellant intended or his opponent understood.

Id. at 736 (quoting Wallace, 546 S.W.3d at 627-28).

 Malin’s second point fails to identify a specific action of the trial court that he is

challenging, as required by Rule 84.04(d)(1)(A); and instead asserts, generically, that the trial

court erred in entering judgment. His second point also fails to state concisely the legal reasons

for his claim of reversible error, and does not explain, in summary fashion why, in the context of

the case, those legal reasons support his claim of reversible error. See Rule 84.04(d)(1)(B)-(C).

Malin’s second point thus fails to satisfy any of the requirements set forth in Rule 84.04(d).

Points that fail to comply with the requirements of Rule 84.04(d) preserve nothing for review and

are subject to dismissal. Wallace, 546 S.W.3d at 628.

 6
 Although Malin’s second point fails to comply with the mandatory requirements of Rule

84.04(d), we exercise our discretion to attempt to review the point on the merits ex gratia

because his argument is sufficiently understandable to put the court and his opponent on notice

that he purports to challenge what he asserts was an entry of satisfaction of judgment by the trial

court in the Malin II Judgment Denying Motion for Contempt.

 However, Malin’s contention that the trial court erred in entering satisfaction of judgment

is contingent on the trial court actually ordering an entry of satisfaction of judgment. We find it

did not. Consequently, Malin’s point asks us to review an action of the trial court that the trial

court did not take.

 When the Malin II Judgment Denying Motion for Contempt was entered in January of

2020, the only matter pending before the trial court was Malin’s Motion for Civil Contempt.

After Malin initiated the contempt proceedings, the Prosecutor had filed a document entitled

“Response to Plaintiff’s Motion for Civil Contempt and Motion for Entry of Satisfaction of

Judgment.” The prayer of the Prosecutor’s motion stated: “Wherefore, the defendant prays that

the Court either deny plaintiff’s motion for contempt outright, or set the same for hearing, and

enter satisfaction of judgment or [sic] record for the Court’s judgment on civil penalties and

attorney’s fees.” Although the motion was styled broadly as a “Motion for Entry of Satisfaction

of Judgment,” “[a] pleading is judged by its subject matter – not its caption.” Worley v. Worley,

19 S.W.3d 127, 129 (Mo. banc 2000). The relief requested by the Prosecutor was specific to an

entry of partial satisfaction of judgment on civil penalties and attorney’s fees, rather than an

entry of complete satisfaction. “Relief granted in a judgment is limited to that sought in the

pleadings.” Residential & Resort Associates, Inc. v. Wolfe, 274 S.W.3d 566, 569 (Mo. App.

W.D. 2009); cf. Zeiser v. Tajkarimi, 184 S.W.3d 128, 131 n.7 (Mo. App. E.D. 2006) (trial court

 7
erred in granting summary judgment on counterclaim where no motion requested such relief).

Prior to the hearing on Malin’s contempt motion, Malin filed a “Partial Satisfaction of

Judgment” acknowledging that the Prosecutor had satisfied the Malin I Judgment with respect to

the civil penalty and attorney’s fees. Because all of the relief requested in the Prosecutor’s

motion had been received prior to the contempt hearing, there was nothing left for the trial court

to determine with respect to the Prosecutor’s motion which sought partial satisfaction regarding

the monetary obligations of the Malin I Judgment.

 Moreover, the Malin II Judgment does not indicate it is addressing the Prosecutor’s

motion for satisfaction of judgment or doing anything other than denying the Motion for Civil

Contempt. Rather, the Malin II Judgment was styled as a “Final Judgment and Order Denying

Plaintiff’s Motion for Civil Contempt.” The judgment’s opening paragraph stated “[t]his order

addresses a motion for civil contempt Malin filed on June 12, 2019[.]” At no point did the Malin

II Judgment mention or indicate that it was addressing or ordering an entry of satisfaction of

judgment. Likewise, there is no indication in the record that an entry of satisfaction has been

entered.

 Malin’s belief that the trial court entered satisfaction of judgment seems to arise from his

misunderstanding that the trial court’s judgment “terminated the litigation.” The trial court’s

judgment concluded:

 Now, therefore, on this 2nd day of January 2020, the Court enters this final
 judgment and order overruling plaintiff Aaron Malin’s motion for civil contempt,
 and does by so ruling dispose of all claims and issues remaining in the case.

 Any costs are taxed to plaintiff Aaron Malin.

(emphasis added).

 8
 Malin points to the emphasized language above and expresses concern that such language

“terminated the litigation,” which he argues could only be done through the entry of satisfaction

of judgment. However, we conclude that, by disposing of all claims and issues remaining in the

case, the trial court was actually addressing pending claims and issues. The Malin I Judgment,

which Malin sought to enforce through contempt proceedings, was not a pending claim or issue.

Rather, it was a judgment, which was not interlocutory or pending. The Malin II Judgment does

not amend the Malin I Judgment,2 does not declare the Malin I Judgment fully satisfied, and does

not prohibit further efforts by Malin to seek to enforce it. Rather, it merely disposed of the only

issue then pending before it – Malin’s Motion for Contempt.3

 Because Malin’s second point fails to satisfy the requirements of Rule 84.04(d), and

because, even if addressed ex gratia, challenges an action that the trial court did not take, point

two of Malin’s appeal is denied.

 Point One

 In his first point on appeal, Malin contends:

 The trial court erred in entering the New Judgment because in doing so it effectively
 altered its Original Judgment in that the trial court concluded the Original Judgment
 required the Prosecutor to search for and produce only part of the records retained
 by his office for documents responsive to Malin's public records requests, rather
 than all of them.

2
 The trial court, in fact, lacked authority in the instant action to amend the Malin I Judgment. Once a judgment
becomes final, the trial court loses jurisdiction to entertain further motions to change, alter, or modify the final
judgment. Rule 81.05; Rule 75.01; Schumacher v. Austin, 400 S.W.3d 364, 369 (Mo. App. W.D. 2013).
3
 We note that the trial court did find that Malin had failed to carry his burden of proof of demonstrating a violation
of the court’s orders. However, this finding occurred in the context of denying Malin’s Motion for Civil Contempt,
and Malin has made clear that he is not challenging the trial court’s denial of his Motion for Civil Contempt. We
express no opinion on what impact that finding would have in any future action taken by Malin to seek enforcement
of the Malin I Judgment, or what impact it would have in any future action taken by the Prosecutor to seek a
declaration that the Malin I Judgment has been fully satisfied.

 9
 Malin’s first point also fails to comply with the briefing requirements of Rule 84.04(d)

and preserves nothing for review. Wallace, 546 S.W.3d at 628.

 Malin’s first point fails to identify a trial court ruling or action that he is challenging, but

instead asserts that the Malin II Judgment “in effect” amended the Malin I Judgment by failing to

enforce all of its requirements. This seems most akin to a challenge to the Malin II Judgment’s

denial of Malin’s motion for contempt – but any such interpretation would be inconsistent with

Malin’s unequivocal statement that he is not challenging the denial of the motion for contempt.

Furthermore, his point relied on fails to state concisely the legal reasons for his claim of

reversible error, or explain why those legal reasons support the claim of reversible error. See

Rule 84.04(d)(1)(B)-(C).

 The argument section of the first point of Malin’s brief likewise fails to crystallize

precisely what action of the trial court he is challenging. Although it appears near the end of

Malin’s argument section on point one that he is alleging that the trial court erred in entering

satisfaction of judgment, that allegation is not found in his point relied on, and it is not clear

throughout his argument whether that is indeed his allegation. “A point relied on written

contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended

without resorting to other portions of the brief, preserves nothing for appellate review.” Storey v.

State, 175 S.W.3d 116, 126 (Mo. banc 2005).

 Even if we were to exercise our discretion in an attempt to review Malin’s first point on

the merits with the understanding that it was a challenge to the trial court’s entry of satisfaction

of judgment, the point would be denied for the reasons stated in our discussion of Malin’s point

two.

 10
 Because Malin’s first point fails to comply with the requirements of Rule 84.04(d), and

because, even if addressed ex gratia, it challenges an action that trial court did not take, point one

of Malin’s appeal is denied.4

 Point Three

 In his third point, Malin contends:

 The trial court erred in finding that “all of the records Malin sought were . . .
 electronically stored” because that finding was not supported by any substantial
 evidence in that no testimony or evidence in the record suggests that all of the
 records responsive to Malin’s requests were electronically stored.

 Our standard of review allows an appellant to challenge a judgment or decree on the basis

that there is no substantial evidence to support it. Ream-Nelson, 333 S.W.3d at 28. When a fact

necessary to sustain the trial court’s judgment is not supported by substantial evidence, then the

judgment is not supported by substantial evidence. Ivie v. Smith, 439 S.W.3d 189, 199-200 (Mo.

banc 2014). However, Malin does not argue that the judgment was not supported by substantial

evidence, but instead argues that a specific finding was not supported by substantial evidence.

Malin’s briefing makes clear that he does not challenge the trial court’s denial of his Motion for

Civil Contempt. By attempting to challenge a specific finding that he does not allege was

4
 While not clear, Malin’s complaints in Points I and II seem to derive from what he perceives as an inconsistency
between the judgment in Malin I and the trial court’s denial of his motion for contempt in the instant action. The
judgment in Malin I unequivocally ordered the Prosecutor to “search for and produce all open records responsive” to
Malin’s first sunshine request. Malin argues that the Prosecutor’s partial production and accompanying request for
him to pay for any additional search necessary to produce additional documents is not in accord with the remedy
ordered, and affirmed by this Court, in Malin I. Malin asserts that Malin I, as a remedy for the knowing and
purposeful violations of the Sunshine Law, simply ordered the Prosecutor’s office to conduct the search for (and to
produce) said responsive documents; and did not condition the Prosecutor’s duty in any manner (such as advance
payment by Malin for the costs associated with producing such records). However, to the extent Malin directs this
argument to the trial court’s denial of his motion for contempt, we reiterate that Malin makes clear that he is not
challenging that judgment. In fact, we recognize that the trial court could have found that the prosecutor’s efforts
were sufficient to defeat the motion for contempt without concluding that those same efforts were adequate to fully
satisfy the Malin I Judgment. Since satisfaction of judgment relating to the Prosecutor’s response to request number
1 has not been entered by the trial court, it would be premature for us to express an opinion on that question.

 11
material to the judgment, Malin does not challenge the judgment, but instead challenges the

language of the judgment. Rule 78.07(c) provides: “In all cases, allegations of error relating to

the form or language of the judgment, including the failure to make statutorily required findings,

must be raised in a motion to amend the judgment in order to be preserved for appellate review.”

 In this matter, Malin filed a Post-Judgment Motion to Vacate or Amend Judgment. In

that motion, Malin never challenged the language of the finding that he now asserts was

erroneous. Rather, the motion more generally attacked the trial court’s denial of his motion for

contempt. By failing to challenge the language of the finding in his motion to amend, Malin has

failed to preserve his claim of error.5 Malin’s third point is denied.

 Point Four

 In his fourth point, Malin argues that the trial court misapplied the law in declining to

order the Prosecutor to pay Malin’s attorney’s fees accrued in his efforts to enforce the Malin I

Judgment. Specifically, he argues that, because he established a purposeful violation of the

Sunshine Law in the litigation leading to the Malin I Judgment, section 610.027.46 required the

trial court to award him attorney’s fees for his efforts in attempting to enforce the Malin I

Judgment.

 “In general, Missouri follows the American Rule, which requires that litigants bear their

own attorney’s fees unless otherwise authorized by statute.” Soto v. Costco Wholesale Corp.,

502 S.W.3d 38, 58 (Mo. App. W.D. 2016). Section 610.027.4 provides a plaintiff with the

5
 Regarding Malin’s third point, we note ex gratia that in Wright v. Rankin, 109 S.W.3d 696, 699 (Mo. App. S.D.
2003), the Southern District of this court held that a party who disputed the trial court's factual findings, but not its
judgment, were not “aggrieved” and therefore lacked standing to challenge the trial court’s conclusions, as they had
not challenged the ultimate relief afforded by the trial court.
6
 Unless otherwise indicated, statutory references are to RSMo 2016.

 12
ability to recover civil penalties and fees in conjunction with litigation establishing a purposeful

violation of the Sunshine Law. As relevant here, section 610.027.4 provides: “If the court finds

that there was a purposeful violation of sections 610.010 to 610.026, then the court shall order

the payment by such [public governmental] body or member of all costs and reasonable attorney

fees to any party successfully establishing such a violation.” The trial court had previously

found a purposeful violation of the Sunshine Law in the Malin I Judgment. Malin did not allege

or establish a purposeful violation of the Sunshine Laws in the contempt proceedings that

resulted in the denial of his Motion for Civil Contempt from which he now appeals. Malin

argues that by establishing a previous purposeful violation of the Sunshine Law, he is entitled to

all of his attorney’s fees in any attempt to enforce that judgment without regard to whether his

attempts to enforce the judgment were successful.

 Malin relies on Chasnoff v. Mokwa, 466 S.W.3d 571 (Mo. App. E.D. 2015), for the

proposition that section 610.027.4 provides for attorney’s fees in separate litigation necessary to

enforce a judgment in which a purposeful violation of the Sunshine Law has been found. In

Chasnoff, the trial court awarded Chasnoff his attorney’s fees pursuant to section 610.027.3 for

his intervention in a separate declaratory judgment action. Id. at 584. The trial court found that

Chasnoff’s intervention in the separate suit was part and parcel of his establishment of the

knowing violation of the Sunshine Law. Id. The court further found that Chasnoff’s

intervention in the separate litigation was “essential to preserve the Chasnoff judgment, and that

without the intervention, Chasnoff’s ability to enforce his judgment would have been

foreclosed.” Id. The appellate court affirmed the award of fees because it found that

“Chasnoff’s intervention in the police officers’ action was undoubtedly necessary to enforce his

2010 judgment ordering disclosure of the records at issue.” Id.

 13
 Although Chasnoff may stand for the proposition that section 610.027.4 provides for an

award of attorney’s fees in separate litigation that is necessary to preserve an earlier judgment

(wherein a purposeful violation of the Sunshine Law was found), the efforts in the separate

litigation must still be necessary to justify the award. Although whether section 610.027.4

justifies an award of fees on a given set of facts is a question of law, whether Malin’s efforts to

enforce the Malin I Judgment were necessary is a question of fact. When presented with a mixed

question of law and fact, we defer to the fact-finder in its assessment of the facts and then apply

de novo review in determining how the law applies to those facts. Pearson v. Koster, 367

S.W.3d 36, 44 (Mo. banc 2012).

 In this matter, unlike in Chasnoff, the trial court did not find that Malin’s efforts in

prosecuting a Motion for Civil Contempt were necessary. No specific findings of fact were

requested or made on the issue of attorney’s fees. Rule 73.01(c) provides that “[a]ll fact issues

upon which no specific findings are made shall be considered as having been found in

accordance with the result reached.” We defer to the trial court’s implicit determination that

Malin’s efforts to enforce the Malin I Judgment were unnecessary. Although Malin asserts that

it was necessary for him to pursue a Motion for Civil Contempt, the motion was unsuccessful.

Malin does not challenge the motion’s lack of success or make any compelling arguments

regarding what the contempt proceedings accomplished. Because Malin failed to establish that

his unsuccessful efforts to prosecute a Motion for Civil Contempt were necessary to preserve the

 14
Malin I Judgment, Chasnoff provides him little support. The trial court did not err in declining to

award Malin attorney’s fees pursuant to section 610.027.4. Point four is denied.78

 Conclusion

 The judgment is affirmed.

 Thomas N. Chapman, Judge

All concur.

7
 Malin filed a Motion for Attorney Fees on Appeal, and said motion was taken with the case. Malin’s Motion for
Attorney Fees on Appel is denied.
8
 The Prosecutor filed a Motion to Dismiss Appeal and For Attorney’s Fees on Appeal, and these motions were
taken with the case. These motions are also denied.

 15