In re the Matter of STATE of Missouri, DEPT. OF SOCIAL SERVICES, FAMILY SUPPORT DIVISION, Respondent,

v.

Michael SHIPLEY, Appellant.

WD 79993

Missouri Court of Appeals, Western District.

OPINION FILED: February 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2017.

Application for Transfer Denied May 30, 2017

Michael Shipley, Pro Se.

Jo–Ellen Horn, Jennifer Addadi, Kansas City, MO, for Respondent.

Before Division One: James Edward Welsh, P.J., Anthony Rex Gabbert, and Edward R. Ardini, Jr., JJ.

James Edward Welsh, Presiding Judge

Michael Shipley appeals the circuit court's order, requiring him to pay attorney fees in the amount of $2,250 for his eight frivolous claims seeking the enforcement of federal court orders from the Eighth Circuit as foreign judgments. Because of the grievous shortcomings of Shipley's brief, which prevent us from determining what his complaint is, we dismiss Shipley's appeal.

Shipley appears *pro se* in this appeal. "We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules." *Kim v. Kim*, 431 S.W.3d 524, 525 (Mo. App. 2014). Failure to comply with the rules of appellate procedure consti-

tutes grounds for the dismissal of an appeal. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo. App. 2007). "This is especially true, when, as is the situation in this case, 'we cannot competently rule on the merits of [Shipley's] argument without first reconstructing the facts … and then refining and supplementing his points and legal argument.'" *Kim*, 431 S.W.3d at 525 (citations omitted). Complying with briefing requirements, as set out by Rule 84.04, is mandatory so that appellate courts do not become advocates by speculating on facts and arguments that have not been made. *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo. App. 2004).

Shipley's brief repeatedly violates Rule 84.04's requirements concerning the contents of briefs. "The failure to substantially comply with Rule 84.04 preserves nothing for review." *Anderson v. Am. Family Mut. Ins. Co.*, 173 S.W.3d 356, 357 (Mo. App. 2005). "Failure to comply with Rule 84.04 merits dismissal." *Id.*

Shipley's statement of facts does not comply with Rule 84.04(c). 84.04(c) mandates "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Shipley's brief does not provide a fair and concise statement of the facts. Shipley's statement of facts merely restates portions of the procedural history. "'A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient.'" *Parnes v. Centertainment, Inc.*, 14 S.W.3d 145, 147 (Mo. App. 2000) (citations omitted). An appellant's failure to provide an adequate statement of facts is a sufficient basis to dismiss an appeal. *Brown*, 211 S.W.3d at 147.

Additionally, Shipley's point relied on violates Rule 84.04(d)(1)'s requirement that

the point "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." His point relied on states:

The Family Support Division erred in their conclusions of law and determination that Mr. Shipley violated Rule 55.03(c) by presenting frivolous claims with no factual or legal basis with the intent to harass FSD, increase the cost of litigation and abuse the judicial system, and pursuant to 55.03. Mr. Shipley is order to pay FSD's attorney's fees in the amount of $2,250.00 and shall not file any claims, motions, request, pleading or other papers.

The Pre-trial Order, is evidentiary support from Division 43 Commissioner Susan E. Long dated October 4, 2013. Court Findings: "the court further finds that the Order(s) resulting from Mr. Shipley's complaint(s) filed in the United States District Court, Eighth Circuit Court of Appeals, and Supreme Court of the United States may be relevant and Mr. Shipley is not prevented from seeking to admit them at trial in this matter" This reversible claim of error is supported by the August 27, 2014 Notice of Filing of Foreign Judgment and; at any time after registration the Petitioner shall be entitled to have summon issued and serviced upon the judgment debtor, the January 21, 2016 Summon Circuit–Issued ID: 16–SMCM–8, denial of factual contention are warranted on the evidence.

Mr. Shipley has hereby establish a defense and legal contention that are warranted by existing law, that defense is under Missouri Revised Statutes Uniform Enforcement of a Foreign Judgment, and by 'due process of law, Mr. Shipley's Summon ID: 16–SMCM–8 is warranted for 'Final Judgment and Execution' on the merits of evidence in this review, and is entitled to 'Full faith and credit' of the registered foreign judgments;

1). Federal Court Order 8th Circuit for Default Judgment and;

2) Federal Court Order 8th Circuit for Cease and desist

Becoming 'final judgments' of the State of Missouri. Which shall include as part of the judgment interest payable on the foreign judgment under the law of the state in which it was rendered, and cost of obtaining the authenticated copy of the original judgment and the court of obtaining the authenticated copy of the original judgment and the court shall include as its judgment court costs incidental to the proceeding in accordance with the law of the state.[1]

■ Shipley's point relied on is unintelligible. His point is such that we would be left to guess what his point was. It would require us to search the record, attempting to find support for the perceived point. At that point, we would then be assuming the role of an appellate advocate, "which is an inappropriate role for an appellate court." *Kim*, 431 S.W.3d at 526. A point relied on that does not comply with Rule 84.04(d) leaves nothing for review. *Nicol v. Nicol*, 491 S.W.3d 266, 270 (Mo. App. 2016).

■ Furthermore, under Rule 84.04(e), the brief must also contain an argument section that discusses the point relied on. The argument should demonstrate " 'how the principles of law and the facts of the case interact.' " *Kim*, 431 S.W.3d at 526 (citations omitted). Shipley's argument sec-

---

1. All capitalization and grammar is as it appears in the appellant's brief.

tion is grievously insufficient and completely incoherent. While, at best, Shipley attempts to cite to section 511.760, RSMo 2000, he cites no other authority or precedent. Regardless, he still fails to explain the statute's relevance and how it applies to the facts. Moreover, while Shipley does cite a few cases in his reply brief, those citations do not satisfy the requirement for two reasons. One, "points and arguments omitted from appellant's initial brief may not be supplied by a reply brief." *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. 2000). Two, he again fails to explain the relevance of those cases and their application to the facts. "When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned." *Kim*, 431 S.W.3d at 526. With such an inadequate argument, we can merely guess what Shipley's claim is. "We deem points not developed in the argument section to be abandoned." *Id.*

Due to Shipley's failure to comply with Rule 84.04, we dismiss his appeal. We dismiss reluctantly, preferring instead to decide cases on the merits. We feel compelled to dismiss because Shipley's brief is so deficient we cannot conduct a thorough review of his case without becoming an advocate for him.

All concur.