

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| LARONDA PHOX, | ) | |
| | ) | |
| Appellant, | ) | WD86248 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| VERLIN BOES, ET AL., | ) | November 26, 2024 |
| | ) | |
| Respondents. | ) | |
| | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### Honorable Charles H. McKenzie, Judge

### Before Division One: Lisa White Hardwick, Presiding Judge,
### Cynthia L. Martin, Judge, and Janet Sutton, Judge

Laronda Phox (Phox) appeals *pro se* from the judgment of the Jackson County Circuit Court (trial court) that granted Respondents' motion for summary judgment in part and from the default judgment entered in favor of Phox. Because Phox fails to comply with appellate briefing requirements under Rule 84.04,[1] we dismiss the appeal.

---

[1] All rule references are to Missouri Supreme Court Rules (2024), unless otherwise indicated.

## Factual and Procedural Background[2]

On February 11, 2016, Phox filed a *pro se* complaint in the trial court.[3]  Phox filed a first amended complaint in September 2016, seeking damages against Joann Boes, Verlin Boes, Michael Boes, Motor Banc LLC, Verlin Boes & Associates, Inc., Motor Banc of Liberty LLC, and Giovanna LLC (collectively Respondents).[4]  The complaint asserted the following claims: violation of the "Missouri Merchandising Practices Act," "Fraud," "Fraudulent Misrepresentation and Constructive Fraud," "Breach of Contract," "Fraudulent Concealment and Nondisclosure," "Breach of Duty—Personal Injury," "Defamation of Slander—Michael John Boes," "Intentional Infliction of Emotional Distress," and "Unjust Enrichment."  All of the claims related to a short-term, title loan secured by a lien against her automobile and the subsequent repossession of that automobile.[5]  Respondents filed their answer and counterclaims.

On January 16, 2017, Respondents filed a motion for summary judgment.  On March 13, 2017, the trial court granted summary judgment in part.  It found in favor of Respondents on Phox's claims for Violation of the Missouri Merchandising Practices Act, Constructive Fraud, Fraudulent Concealment, Breach of Duty—Personal Injury, Defamation, and Intentional

---

[2]  We draw some of the factual recitation from our opinion in *Phox v. Boes*, 626 S.W.3d 785 (Mo. App. W.D. 2021), without further attribution.  This is Phox's third time appearing before this Court for the same dispute.  *See Phox v. Boes*, 481 S.W.3d 920, 921 (Mo. App. W.D. 2016).

[3]  In Phox's brief, she states the case was originally filed in federal court in April 2011 and was dismissed without prejudice in May 2012.

[4]  For ease of reference, all defendants are collectively referred to as Respondents throughout this opinion, except when necessary to distinguish among them.

[5]  Phox filed a similar complaint in 2013 against Respondents.  The trial court dismissed the 2013 complaint without prejudice for failure to state a cause of action.  *Phox*, 481 S.W.3d at 921.  Phox appealed and this Court subsequently dismissed Phox's appeal because the trial court's judgment did not constitute a final judgment for the purposes of appeal.  *Id.* at 922.

Infliction of Emotional Distress. The trial court denied Respondents' motion for summary judgment on the Fraud claim and the Fraudulent Misrepresentation claim, and ordered Phox to amend the claims with the particularity required by Rule 55.15. Additionally, the trial court granted summary judgment in favor of all Respondents, except Motor Banc of Liberty LLC (Motor Banc), on the Breach of Contract claim, and ordered Phox to amend her breach of contract claim regarding Motor Banc to establish the essential elements of the claim. Finally, the trial court granted summary judgment in favor of all Respondents, except Motor Banc, on the Unjust Enrichment claim. Thus, after the trial court's March 13, 2017, order, the following claims remained: Fraud and Fraudulent Misrepresentation against all Respondents; Breach of Contract against Motor Banc only; and Unjust Enrichment against Motor Banc only.

On November 1, 2017, in response to the trial court's directions in its March 13, 2017, order, Phox amended her claims of Fraud, Fraudulent Misrepresentation, Breach of Contract, and Unjust Enrichment (second amended complaint). On November 9, 2017, Respondents filed a motion to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. The trial court entered an order on January 29, 2018, sustaining Respondents' motion to dismiss the Fraudulent Misrepresentation claim but denying the motion to dismiss in all other respects.

On February 13, 2018, Respondents filed a motion for more definite statement regarding the Fraud claim, arguing that the claim failed to meet the particularity requirements of Rule 55.15. The trial court granted Respondents' motion, ordering Phox to file a more definite statement of "which party(ies) is (are) alleged to have engaged in fraudulent behavior, what said fraudulent behavior consisted of, and how Plaintiff was damaged."

On March 26, 2018, Phox filed her response to the trial court's order to provide a more definite statement. On May 3, 2018, Respondents filed a motion to strike Phox's response to the order for a more definite statement and to dismiss the Fraud claim, arguing that the response was not timely filed and that it did not comport with the trial court's order. Thereafter, Phox filed two motions to amend her pleadings on June 1, 2018, and June 20, 2018—one to include a Tortious Interference claim against Verlin Boes, and one to include a count for Spoliation of Evidence. She did not attempt to amend her Fraud claim.

On September 24, 2018, the trial court entered a judgment/order granting Respondents' motion to dismiss the Fraud claim and denying Phox's motions to amend her pleadings. Thereafter, Respondents dismissed their counterclaims against Phox. Phox appealed and this Court dismissed the appeal, finding the trial court did not resolve all issues as to all parties or certify the case for early appeal. *Phox v. Boes*, 626 S.W.3d 785, 787-88 (Mo. App. W.D. 2021).

Phox continued to litigate the remaining claims against Motor Banc. On July 22, 2022, the trial court sustained Motor Banc's counsel's motion to withdraw. Phox filed a motion for default judgment in November 2022, which was denied.

On January 13, 2023, the trial court held a case management hearing. Phox appeared *pro se* but Motor Banc was not present, and no attorney had entered an appearance for Motor Banc since its last one was granted leave to withdraw. The trial court reconsidered its denial of Phox's motion for default and rescinded its order denying it. In a show cause order, the trial court stated Motor Banc would be permitted to show cause why it should not grant Phox's motion for default and, that if no adequate basis or cause was presented, the trial court would consider granting the default judgment against Motor Banc. The trial court set the motion for default for hearing in late-January.

4

Motor Banc failed to appear at the show cause hearing. The trial court granted Phox a continuance of the hearing relating to damages to February 3, 2023. On that date, the court held an evidentiary hearing during which Phox testified and presented evidence.

The trial court issued its final judgment on February 28, 2023, granting Phox's motion for default on all remaining claims against Motor Banc.[6] The trial court did not award any damages for unjust enrichment, but entered judgment for $48,767.40—which Phox requested as "Special Damages" in Exhibit 6 during the hearing—with interest pursuant to section 408.040.2 on the breach of contract claim.[7] The court denied her claim for punitive damages and found "pain-suffering and inconvenience, emotional distress, and loss of enjoyment of life," not cognizable for a breach of contract. Phox filed a motion for reconsideration, which was denied.

Phox appeals the default judgment entered in her favor, the summary judgment which was found in favor of Respondents, in part, and various other rulings by the trial court. Additional facts relevant to the disposition of the appeal are included below.

**Analysis**

Due to serious deficiencies in Phox's briefing to this Court, we are unable to reach the merits of this appeal.

Rule 84.04 provides the mandatory requirements for briefs filed in all appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)). We prefer to reach the merits of a case but we will not consider a brief "so deficient that it fails to give notice to [the court] and to the other parties

---

[6] The remaining claims against Motor Banc were Unjust Enrichment and Breach of Contract, while all other claims against Respondents were addressed in prior judgments and orders.

[7] All statutory citations are to RSMo 2016 as currently updated, unless otherwise noted.

as to the issue presented on appeal." *Id.* (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)). It is crucial to adhere to briefing rules because:

> When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Id.* (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

"In the interest of judicial impartiality, judicial economy and fairness to all parties, *pro se* appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules." *Murphy v. Steiner*, 658 S.W.3d 588, 592 (Mo. App. W.D. 2022) (quoting *Walker v. Div. of Emp. Sec.*, 592 S.W.3d 384, 388 (Mo. App. W.D. 2020)). "[F]ailure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Ferguson v. Div. of Emp. Sec.*, 654 S.W.3d 434, 438 (Mo. App. W.D. 2022) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)).

### *Statement of Facts*

"The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c). The purpose of the statement of facts is to provide "an immediate, accurate, complete[,] and unbiased understanding of the facts of the case." *Placke v. City of Sunset Hills Mo.*, 670 S.W.3d 228, 231 (Mo. App. E.D. 2023) (citation omitted). Therefore, "[i]nterspersing argument throughout the statement of facts violates Rule 84.04(c)." *Id.* (citation

omitted).  The failure to provide a sufficient statement of facts warrants dismissal.  *State Dep't. of Soc. Servs, Fam. Support Div. v. Shipley*, 517 S.W.3d 37, 38 (Mo. App. W.D. 2017) (citation omitted).

Phox fails to provide a concise and non-argumentative statement of facts.  First, Phox includes a "statement of the case" that spans approximately six pages, providing a procedural history beginning in 2011, although the current case was not filed until 2016, and encompassing the extensive motions and orders filed after the final judgment was entered.  Next, Phox's statement of facts spans more than eight additional pages which include subsections addressing "Appellant's Alleged (MMPA) Violations," "Appellant's Alleged Fraud, Fraudulent Misrepresentation and Documents," "Slander," and "Unjust Enrichment."  Further, Phox includes many argumentative statements in her statement of facts.

Most importantly, Phox fails to include any citations to the relevant portion of the record on appeal for virtually *all* of the statements of facts.  *See* Rule 84.04(c).  "Page references are mandatory because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record."  *Brown v. Brown*, 645 S.W.3d 75, 83 (Mo. App. W.D. 2022) (citation and internal quotations omitted).  Without citations, we "are left searching for a needle in a haystack[.]"  *Id.*

Standing alone, the above violations of Rule 84.04(c) warrant dismissal.  *See State Dep't.,* 517 S.W.3d at 38.

### Points Relied On

Each point must: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the

claim of reversible error." Rule 84.04(d)(1). Each point must substantially comply with the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." Rule 84.04(d)(1). Additionally, each point must "include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5). The points relied on are important because they are meant to "give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Auman v. Richard*, 672 S.W.3d 277, 281 (Mo. App. W.D. 2023) (quoting *Lexow*, 643 S.W.3d at 505).

Phox's points fail to inform Respondents and this Court of the issues presented for review, as she does not state proper legal reasons for her claims of reversible error nor does she provide a viable explanation for how her legal reasons support her claims of reversible error. In her first point relied on, Phox fails to include a list of any supporting caselaw. *See* Rule 84.04(d)(5). In Phox's points which do list cases and constitutional or statutory provisions, it is difficult to decipher how Phox's cited authorities support her arguments, as discussed *infra*. A point is considered abandoned when appellant fails to include relevant authorities or explain the lack thereof. *Id.* at 283. In light of all the deficiencies in Phox's points relied on, we would need to engage in speculation and independent legal research to address her claims of reversible error. *See id.* It is not our role to do so. *See id.*; *Aydin v. Boles*, 658 S.W.3d 223, 227 (Mo. App. W.D. 2022).

### *Argument*

Rule 84.04(e) requires the argument for each claim of error "include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and

8

the applicable standard of review."  We are unable to decipher the claimed error in many of Phox's points on appeal and she does not include the appropriate standard of review to apply in each point.  Phox erroneously states we use an abuse of discretion standard to review the grant of summary judgment.  *See Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 607 (Mo. App. W.D. 2022) ("We review the grant of summary judgment de novo.").

Furthermore, "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."  Rule 84.04(e).  The argument section must explain how the "law supports the claim of reversible error . . . [and] advise the appellate court how the principles of law and the facts of the case interact." *Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 749 (Mo. App. W.D. 2023) (citation omitted). Here, Phox rarely cites to the record on appeal and if we were to "comb the record for support of factual assertions," we would effectively be "advocat[ing] for the non-complying party."  *R.M. v. King*, 671 S.W.3d 394, 399 (Mo. App. W.D. 2023) (citation omitted).  Phox's argument is also analytically insufficient as she fails to coherently explain how the relevant law and facts interact to support her claims of reversible error.  *See id.*  For example, in her first claim of error she alleges the trial court erred in allowing opposing counsel to enter an appearance because all Respondents—except Verlin Boes—were in default.  However, as Respondents point out, Phox fails to cite any relevant case law to support her assertion that an attorney cannot enter an appearance after a party fails to timely file an answer.

Although we may "review non-compliant briefs of *pro se* appellants *ex gratia*," we can only do so if the "argument is readily understandable."  *Id.* at 400 (quoting *Aydin*, 658 S.W.3d at 227).  It is not our role to act as Phox's advocate.  We dismiss the appeal due to briefing deficiencies under Rule 84.04.  *See Aydin*, 658 S.W.3d at 227.

**Motion for Attorney's Fees**

Last, we address Respondents' motion for damages for frivolous appeal that was taken with the case. Respondents do not argue a contractual or statutory basis for the award of attorney's fees. Rather, Respondents cite Rule 84.19 as the basis for their request.

"If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." Rule 84.19. To determine whether an appeal is frivolous, courts generally consider "whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success." *Brown*, 645 S.W.3d at 84 (citing *Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo. App. W.D. 1993)). "The purpose of sanctions under Rule 84.19 is two-fold: (1) to prevent congestion of appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." *Id.*

Respondents argue Phox has litigated this matter for over ten years—this being her third appeal—causing "stress, expense, and time responding to [Phox's] baseless, serial-filing, moving-target, approach of litigation." Furthermore, Respondents argue they have "incurred thousands of dollars in attorneys fees as a direct result of this appeal and should be compensated for said fees given the lack of support for [Phox's] position and significant procedural shortcomings."

We find this case is appropriate for Rule 84.19 sanctions. "[Phox's] non-compliance with Rule 84.04, after already having [her] brief struck, is a case-specific factor in favor of sanctions." *Id.*

10

Furthermore, Phox raises meritless claims that are only prolonging litigation which began in 2011. We point out two such examples from her brief. Phox argues the trial court "erred and abused its discretion in denying a jury trial because [Phox] had demanded a jury trial" to decide "all issues, damages, and the amount awarded." However, Phox herself moved for default judgment, and a jury trial was not feasible when Motor Banc failed to appear for the show cause hearing or the damages hearing on the default.

Additionally, Phox erroneously argues that the trial court abused its discretion in failing to follow this Court's instructions in Phox's previous appeal. *See Phox*, 626 S.W.3d at 787-88. This Court previously dismissed the matter because the trial court did not dispose of the breach of contract and unjust enrichment claims against Motor Banc and, thus, we found the trial court did not resolve all issues as to all parties. *Id.* at 787-88. But thereafter, the trial court granted default judgment for Phox for $48,767.40 against Motor Banc, resolving all outstanding claims.

In light of this, the motion for attorney's fees is granted. Our authority to determine attorney's fees on appeal is used with caution. *Brown*, 645 S.W.3d at 85 (quoting *Lake at Twelve Oaks Home Ass'n, Inc. v. Hausman*, 488 S.W.3d 190, 202 (Mo. App. W.D. 2016)). Therefore, we remand to the trial court which is "better equipped to hear evidence and argument on this issue and determine the reasonableness of the fees requested." *Id.*

## Conclusion

For the foregoing reasons, Phox's appeal is dismissed and Respondents' motion for attorney's fees is granted. We remand to the trial court for a determination of the appropriate award of attorney's fees against Phox for this appeal.

_____
Janet Sutton, Judge

Lisa White Hardwick, P.J., and Cynthia L. Martin, J. concur.

11