

# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN RE THE MATTER OF: R.K.N., A MINOR CHILD AND BY AND THROUGH NEXT FRIENDS, ABDUR NIMERI KHALAFALLA AND ABDUR NIMERI KHALAFALLA, INDIVIDUALLY, | WD87653 |
| | OPINION FILED: |
| | October 14, 2025 |
| Appellant, | |
| v. | |
| PEGGY RIESSEN, | |
| Respondent. | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Kevin Duane Harrell, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge Presiding,**
**Thomas N. Chapman, Judge, and Renee Hardin-Tammons, Special Judge**

A.N.K. ("Father") appeals a judgment of modification entered by the Circuit Court of Jackson County. Father's appeal is dismissed for failure to substantially comply with the briefing requirements of Rule 84.04.

## Background

Child was born in Colorado and is three years old. In 2022, the District Court of Denver County, Colorado entered an order containing a parenting plan submitted by the

agreement of P.R. ("Mother") and Father and also entered a child support order. Thereafter, Mother and Father each relocated to Missouri.

In 2023, Father filed a petition in the Circuit Court of Jackson County that sought to modify the prior Colorado orders regarding the parenting plan and child support order. Father's petition alleged that modification was necessary and in the best interests of Child due to the change in the circumstances of the parties. Father's petition further alleged that modification was necessary because the prior Colorado orders did not comply with Missouri law in that the prior orders did not award legal or physical custody to either parent and did not contain additional provisions necessary under Missouri law. Mother filed a countermotion to modify the parenting plan. Father subsequently sought and received leave to file an amended motion to modify.

Mother and Father submitted their respective parenting plans to the trial court. Father requested that he be given sole legal custody of Child. Mother requested that she be given sole legal custody of Child.

In June of 2024, the trial court held a hearing on the parties' respective petitions, during which Father and Mother testified, and numerous exhibits were presented to the trial court. The trial court subsequently entered judgment, and thereafter entered an amended judgment on October 8, 2024. The amended judgment granted sole legal custody to Mother, granted Mother and Father joint physical custody, and decreased Father's monthly child support obligation.

Father now seeks to appeal the amended judgment.

2

**Appeal Dismissed**

"Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Rule 84.04's requirements are mandatory." *Id.* (citation omitted). Although appellate courts have discretion to excuse technical deficiencies in a brief and prefer to reach the merits of a case, appellate courts will not consider a brief so deficient that it fails to inform the court and opposing parties of the issues presented on appeal. *Id.*

Rule 84.04(c) provides the requirements for a statement of facts in an appellate brief. As pertinent, Rule 84.04(c) provides that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

Rule 84.04(d) governs the points relied on section of an appellate brief and provides:

> (1) Where the appellate court reviews the decision of a trial court, each point shall:
>
> (A) Identify the trial court ruling or action that the appellant challenges;
>
> (B) State concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

3

"The function of points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505 (citation and brackets omitted).

Rule 84.04(e) governs the argument section of an appellate brief. "The purpose of the argument section is to demonstrate how the principles of law and the facts of this case interact to support a claim for reversible error." *Parkside Fin. Bank & Tr. v. Allen*, 688 S.W.3d 83, 89 (Mo. App. E.D. 2024) (citation omitted). To properly brief an allegation of error on appeal, "an appellant must explain why, in the context of the case, the law supports the claim of reversible error by showing how principles of law and the facts of the case interact." *Burgan v. Newman*, 618 S.W.3d 712, 715 (Mo. App. E.D. 2021) (internal quotations and citation omitted). "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Id.* (citation omitted). Rule 84.04(e) requires that factual assertions in an argument be supported by specific page references to the record on appeal. "Failure to adhere to Rule 84.04(e) warrants dismissal." *Parkside Fin. Bank & Tr.*, 688 S.W.3d at 89 (citation omitted).

In this matter, Father's briefing fails to comply with Rule 84.04(c) governing statements of facts in an appellate brief, Rule 84.04(d) governing points relied on, and Rule 84.04(e) governing argument sections of appellate briefs. Despite receiving notice that his initial brief failed to comply with these rules, Father subsequently submitted an amended brief which again failed to comply with Rule 84.04.

Father's initial brief contained obvious deficiencies. Father's statement of facts in his initial appellate brief included over 35 pages of randomly formatted notes with materials copied verbatim from the transcripts without making any legitimate attempt to apprise the court of the facts relevant to his points on appeal. Father's initial brief then indicated that it was raising four points on appeal; however, the argument section that followed failed to make clear what points Father was raising or addressing, failed to develop his arguments, and instead consisted of portions copied verbatim from his motion to vacate or amend the trial court's initial judgment without elaboration and without attempting to include citations to the record.

On March 21, 2025, this court entered an order striking Father's initial brief. The order provided notice to Father of a number of reasons why his brief failed to comply with Rule 84.04(c) regarding the statement of facts, Rule 84.04(d) regarding his points relied on, and Rule 84.04(e) regarding the argument section. The order granted Father fifteen days to file an amended brief correcting the deficiencies. Father was also given notice that briefs that failed to comply with Rule 84.04 are subject to dismissal.

On April 8, 2025, Father filed an amended appellate brief. Father's amended brief again failed to comply with the requirements of Rule 84.04, in many of the same ways Father had been expressly warned of regarding his initial brief. In particular, after specifically being warned that the lack of citations to the record in his argument section would render his appeal subject to dismissal for violation of Rule 84.04(e), Father's amended brief made no attempt to remedy this violation. Dismissal is particularly

5

appropriate where a party is put on notice of a violation of Rule 84.04 and the party makes no effort to correct such violation in an amended brief. *See Acton v. Rahm*, 611 S.W.3d 897, 903 (Mo. App. W.D. 2020) (citing *Nicol v. Nicol*, 491 S.W.3d 266, 270 (Mo. App. W.D. 2016)).

The statement of facts in Father's briefing fails to provide a complete and accurate depiction of the facts relevant to his appeal in that it omits reference or citation to numerous facts on which the trial court expressly relied in its judgment. Despite the fact that Father indicated an intention to assert that the trial court's findings were against the weight of the evidence, Father failed to provide a complete or accurate depiction of the evidence before the trial court in his statement of facts – a deficiency which Father made no effort to remedy in his subsequent argument section.

Father's amended brief then indicated that Father was raising four points on appeal.[1] The brief then set forth what appeared to be his first point relied on, which asserted that the trial court had misapplied the law regarding the modification of custody and that the trial court's judgment was against the weight of the evidence and was unsupported by substantial evidence. This point relied on grouped together multiple,

---

[1] Father's amended brief initially asserted four points relied on, yet only presented two points relied on in the argument section of the amended brief. Furthermore, the two points relied on in the argument section of the amended brief were stated differently from any of the four points initially asserted. The index in Father's amended brief compounds the confusion, as it does not accurately reflect the actual content and correlating page numbers of the amended brief. For the sake of simplicity, we address the deficiencies in the two points addressed in the argument section of Father's amended brief, and consider the remaining points initially asserted as having been abandoned.

distinct claims of error in a single point and was therefore multifarious, preserving nothing for review. *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019). These distinct challenges present "separate and distinct inquiries, each requiring its own discrete legal analysis." *Id.* at 869-70. Following this technical deficiency, Father's appellate brief then copied verbatim four pages of his motion to vacate or amend, which had been previously presented to the trial court, and which had presented an array of distinct arguments. Father's appellate brief did so without attempting to develop such arguments in light of the record on appeal and without including a single citation to the evidence in the record despite indicating that he was raising evidentiary challenges, and despite a prior warning from this court that the failure to include such citations would render his appeal subject to dismissal.

In simultaneously raising distinct evidentiary challenges without identifying, citing, and addressing all of the evidence in the record in support of the judgment, Father fails to inform this court as to his particular arguments in light of the evidence in this case and fails to provide analytically sufficient arguments in light of our appellate standard of review. To prevail on a "no substantial evidence" challenge, an appellant "must demonstrate that there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court's judgment as a matter of law." *Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014) (citing *In re J.A.R.*, 426 S.W.3d 624, 626-27 (Mo. banc 2014)). "When reviewing whether the circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the

7

circuit court's judgment and defer to the circuit court's credibility determinations." *Id.* (citation omitted). "Appellate courts accept as true the evidence and inferences favorable to the trial court's decree and disregard all contrary evidence." *Id.* (internal quotations, ellipsis, and citation omitted).

As a markedly distinct challenge, a "claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." *Id.* at 205-06 (brackets and citation omitted). Such a claim "challenges the probative value of that evidence to induce belief in [a factual] proposition when viewed in the context of the entirety of the evidence before the trier of fact." *Hopkins v. Hopkins*, 449 S.W.3d 793, 802 (Mo. App. W.D. 2014) (quoting *Sauvain v. Acceptance Indem. Ins. Co.*, 437 S.W.3d 296, 304 (Mo. App. W.D. 2014)). "The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellant court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Ivie*, 439 S.W.3d at 206. "When reviewing the record in an against-the-weight-of-the-evidence challenge, this Court defers to the circuit court's findings of fact when the factual issues are contested and when the facts found by the circuit court depend on credibility determinations." *Id.* An appellate court "will not re-find facts based on credibility determinations through its own perspective." *Id.* "Evidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge." *Id.*

As has been summarized by Missouri courts, an appellant who brings an against-the-weight-of-the-evidence challenge must do the following:

> (1) identify a challenged factual proposition necessary to sustain the judgment; (2) identify all of the favorable evidence supporting that [pro]position; (3) identify contrary evidence, subject to the trial court's credibility determinations, explicit or implicit; and (4) prove in light of the whole record that the supporting evidence, when considered along with the reasonable inferences drawn therefrom, is so lacking in probative value that the trier of fact could not reasonably believe the proposition.

*See Hopkins*, 449 S.W.3d at 802 (quoting *Sauvain*, 437 S.W.3d at 304); *see also Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010)).

By attempting to raise two distinct evidentiary challenges without identifying all of (or citing to any of) the evidence in the record favorable to the trial court's judgment, Father's briefing fails to make clear what arguments are being raised and fails to provide sufficient analysis to support his conclusory assertions that the trial court committed error in assessing the evidence.

After having presented an array of material from his motion to amend without further development in light of the record while indicating that this material related to his first point on appeal, Father's briefing then indicated that he was presenting his first point relied on, in which he asserted that the trial court's decision to award sole legal custody to Mother was against the weight of the evidence. Father's briefing then, again, simply repeated material from his motion to amend the initial judgment without developing such arguments in light of the record on appeal. Father again failed to include citations to the evidence in the record on appeal in violation of Rule 84.04(e) despite raising an

9

evidentiary challenge and despite having been warned that his failure to do so would render his appeal subject to dismissal. Father's briefing on this point failed to present a complete and accurate depiction of the evidence and failed to present arguments sufficient to establish error under our deferential appellate standard of review.

Father's briefing then indicated that it was raising a second point on appeal that argued that the judgment of modification was against the weight of the evidence regarding the parenting time awarded and also that the trial court misapplied the law. Father's point relied on again sought to raise multiple distinct challenges in a single point. This point was therefore multifarious and preserved nothing for review. *See Macke*, 591 S.W.3d at 869. In addition to this technical deficiency, Father again repeated arguments copied from his motion to amend without attempting to develop such arguments in light of the record on appeal. Father, again, did not provide a single citation to the evidence in the record despite attempting to raise an evidentiary challenge, and despite being put on notice that this deficiency would render his appeal subject to dismissal.

Based on the abovementioned deficiencies, dismissal is appropriate.

## Conclusion

The appeal is dismissed.

_____
Thomas N. Chapman, Judge

All concur.